WEEVER *v.* WEIANDT.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
   In reviewing directed verdict and judgment thereon for defendants, the Supreme Court considers the testimony in the light most favorable to the plaintiff.

2. EVIDENCE—SPEED OF TRUCKS.
   It is a matter of common knowledge that ordinary trucks can and often do travel as fast as 32 to 40 or more miles per hour.

3. AUTOMOBILES—TRUCKS—SPEED—EVIDENCE—QUESTION FOR JURY.
   Under testimony showing plaintiff truck driver had travelled southward some 150 feet before being struck in the rear by defendants' truck which had come over brow of hill some 300 feet north of intersection at which plaintiff had turned, the jury could have found defendant driver had not complied with statute making it illegal to drive at a speed greater than would permit him to bring his vehicle to a stop within the assured clear distance ahead (1 Comp. Laws 1929, § 4697, subd. [a], as amended by Act No. 318, Pub. Acts 1939).

4. SAME—TRUCKS—CONTRIBUTORY NEGLIGENCE—OBSERVATION AT INTERSECTIONS.
   Where plaintiff truck driver stopped before turning left and southward after observing no traffic either to the south or north, in which latter direction he could see 300 feet to top of hill, trial court was in error in finding him guilty of contributory negligence as a matter of law in proceeding southward on right side of highway for some 150 feet at speed of 8 to 10 miles an hour where defendants' truck, under the testimony, could have been found to have been over the hill and out of sight of plaintiff when he turned southward.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am. Jur., Appeal and Error, § 886.
[3] 5 Am. Jur., Automobiles, §§ 68, 689.
[3] Driving at speed preventing stopping within length of vision as negligence. 44 A.L.R. 1403; 58 A.L.R. 1493; 87 A.L.R. 900; 97 A.L.R. 546.
[4] 5 Am. Jur., Automobiles, § 287 *et seq.*

Appeal from St. Joseph; Jacobs (Theo. T.), J. Submitted April 13, 1948. (Docket No. 10, Calendar No. 43,985.) Decided June 14, 1948.

Case by Paul Weever against Donald Weiandt and Jack Ruggles for damages to truck sustained in a collision. Directed verdict and judgment for defendants. Plaintiff appeals. Reversed and remanded for further proceedings.

*Charles H. Burnham,* for plaintiff.

*Howard & Howard,* for defendants.

REID, J. Plaintiff brought suit for recovery of damages caused to his truck by reason of his truck being struck in the rear end by a truck owned by defendant Weiandt and driven by defendant Ruggles. Upon the conclusion of plaintiff's proofs, defendants moved for a directed verdict, which motion was granted by the trial judge on the ground that the plaintiff was guilty of contributory negligence as a matter of law. Motion for new trial was denied. From the judgment of no cause of action the plaintiff appeals.

In reviewing the directed verdict and the judgment thereon, we must consider the testimony in the light most favorable to the plaintiff.

The following facts appear from the testimony of plaintiff and his witnesses: About 4:30 o'clock in the afternoon of August 26, 1946, the plaintiff, operating a 1940 Chevrolet dump truck on an east-and-west road approached from the east an intersection of a north-and-south road. The east-and-west road came to an end at the easterly side of the north-and-south road. The roads were rural county roads of an equal importance. At the easterly side line of the north-and-south road, the east-and-west road

divided into a small Y. A triangular grass plot existed in the central part of the west end of the east-and-west road, thus providing a right turn or left turn for traffic from the east-and-west road going to the north-and-south road. The weather was clear and the roads were dry. Plaintiff had come that way with a load of gravel and on his return had forgotten which way he should turn when he came to the intersection in question. He drove onto the grassy triangle and stopped and looked both north and south along the road. He testified that from the point where he stopped he could see 300 feet northerly to the brow of a hill or end of an incline beyond which traffic approaching from the north would not be visible. Plaintiff testified he looked both north and south and saw no traffic, and determining to turn to the left, he proceeded to do so, put his car in second gear, and while he was in the intersection and turning to the left, he looked again to the north and still no traffic was visible. He then continued turning to the left and went along the westerly side of the north-and-south road, on his right hand side of the road, traveling about 8 to 10 miles an hour, and when he had proceeded to a point 150 feet southerly of the intersection his truck was struck in the rear end by the truck of defendant Weiandt driven by defendant Ruggles. The impact caused plaintiff's truck to suddenly swerve to the left, turn nearly around from the direction it had been traveling, and to tip over on its right side and pitch plaintiff out of the truck, throwing him approximately 20 feet away from the truck and causing him to roll along the road. Plaintiff arose, found himself under bewilderment and considered that he had been unconscious. When he regained consciousness he was running back toward his truck, which had burst into flames from the gasoline and oil poured out by reason of the collision.

The truck was practically destroyed by the resulting fire.

Testimony was offered on behalf of plaintiff of a statement made by defendant Ruggles, driver of the other truck, in which Ruggles said that he did not see plaintiff's truck until he was almost upon it, and that to avoid hitting plaintiff's truck he, Ruggles, turned to the right side of the highway but that the collision occurred and that afterwards the truck driven by Ruggles swerved over to the east bank about 30 feet southerly from the point where plaintiff's truck landed. The testimony further showed that the defendant's truck imbedded itself upon a steep bank so deeply that it was necessary to pull it out of the earth in which it had been sunk. The severity of the collision would indicate that defendant Ruggles was traveling at a high rate of speed.

The court in directing the verdict for defendants said:

"According to the undisputed facts shown here it would have been *impossible* if he had looked but what he would have seen this defendant coming up. How did the defendant get there? How did he get there and strike him if he was not coming up the hill there, *it would be a mathematical impossibility* for the defendant to ever reach him if your theory is true." (Italics supplied.)

We cannot agree with the above reasoning by the trial judge. At the time of the collision, plaintiff, traveling at 8 or 10 miles an hour, had proceeded on his right hand side of the road to a point 150 feet southerly from the intersection. It is a matter of common knowledge that ordinary trucks can and often do travel as fast as 32 to 40 or more miles per hour. If, for example, defendant Ruggles drove defendant's truck four times as fast (*i. e.*, 32 to 40 miles per hour) as plaintiff says he, plaintiff, drove his

own truck (8 to 10 miles per hour), defendant's truck would travel four times as far as plaintiff's truck traveled in any given period of time. Therefore, under those conditions, while plaintiff's truck traveled 150 feet south from the intersection, defendant's truck would travel 600 feet to the point of impact. From the point of impact 600 feet northerly is a point 150 feet northerly of the brow of the hill and beyond the sight of plaintiff when he made the turn and made the second observation at the intersection.

There was testimony in this case from which the jury could have concluded that defendant's truck was beyond the brow of the hill and out of sight of plaintiff, when plaintiff began to drive southerly from the intersection.

It was the duty of defendant driver to comply with the provisions of 1 Comp. Laws 1929, § 4697, subd. (a), as amended by Act No. 119, Pub. Acts 1933, and Act No. 318, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 4697 [a], Stat. Ann. 1946 Cum. Supp. § 9.1565 [a]), which is as follows:

"(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other condition then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead."

The jury might have concluded from the testimony that defendant driver failed to comply with the statute.

It cannot be said that as a matter of law plaintiff was guilty of contributory negligence in determining that he could safely continue on his course turn-

ing in the intersection and proceeding along the westerly side (and his right side) of the highway, with no traffic in sight.

The court was in error in adjudging that the plaintiff was guilty of contributory negligence as a matter of law and for that reason the judgment appealed from is reversed and a new trial granted.

The case is remanded to the circuit court for further proceedings. Costs to plaintiff.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.