### GRAUBERGER *v.* O'DONNELL.

### PHILLIPS *v.* SAME.

1. APPEAL AND ERROR—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.

The Supreme Court views the testimony in the light most favorable to plaintiffs on their appeal from judgment for 1 of 2 joint tort-feasors *non obstante veredicto.*

2. AUTOMOBILES—TWO COLLISIONS ON MULTILANE HIGHWAY—NEGLIGENCE.

Whether or not defendant motorist who had stopped before entering at dusk from east side of 4-lane highway was guilty of negligence proximately causing injury to northbound plaintiffs in easternmost lane *held,* a question of fact, where it appears such defendant proceeded onto the highway at speed of 15 or 20 miles per hour and first collided in the third lane from the east with a southbound car which was overtaking and, at a high rate of speed, was passing, a truck in the westernmost lane and such first-mentioned defendants' car was thrown out of control and hit broadside by plaintiffs' car some 150 feet south of driveway from which it had entered the highway.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 886.
[2] 5A Am Jur, Automobiles and Highway Traffic § 1028.
[3] 3 Am Jur, Appeal and Error § 379.

3. APPEAL AND ERROR—INSTRUCTIONS—QUESTIONS REVIEWABLE.
     The Supreme Court refrains from passing upon instructions of
     ·the court to the jury that are set forth in full, where no claim
     of error therein is made on appeal and no motion filed for a
     new trial based on such claim.

Appeal from Genesee; Gadola (Paul V.), J. Submitted June 6, 1956. (Dockets Nos. 21, 22, Calendar Nos. 46,808, 46,809.) Decided December 6, 1956.

Case by Harold Grauberger against Vera E. O'Donnell, Thomas O'Donnell and James McTiernan for damages for personal injuries sustained in automobile collision. Similar action by William F. Phillips against same defendants. Cases consolidated for trial and appeal. Verdicts and judgments for plaintiffs against defendant McTiernan. Judgments *non obstante veredicto* for defendants O'Donnell. Plaintiffs appeal. Reversed and remanded.

*Jerome F. O'Rourke,* for plaintiff Grauberger.

*Leon A. S. Seidel,* for plaintiff Phillips.

*James M. Pearson* and *Guy W. Selby,* for defendants O'Donnell.

DETHMERS, C. J. The cases having been consolidated for trial, plaintiffs had jury verdicts against all defendants. From judgments *non obstante veredicto* in favor of defendants O'Donnell, plaintiffs appeal.

We view the testimony for purposes of this appeal in the light most favorable to plaintiffs. *Staunton* v. *City of Detroit,* 329 Mich 516. So viewed, the facts-are:--Plaintiffs were in an automobile traveling north in the east lane of a 4-lane highway. The O'Donnells were in their automobile, stopped at the edge of the highway on a driveway to the east of

it. When plaintiffs were 504 feet south of the driveway the O'Donnell automobile pulled onto the highway in a southwesterly direction, and proceeded at from 15 to 20 miles per hour. At that time, at a point 495 feet north of the driveway, defendant McTiernan's automobile was traveling south at a high rate of speed in the third lane from the east, passing a truck which was in the west lane. The O'Donnell automobile crossed the 2 east lanes, each 10 feet wide, and proceeded south or southwest in the third lane from the east, being, according to one plaintiff, entirely west of the center line "except probably 1 wheel on the back." It had reached a point approximately 60 feet south of the driveway when the McTiernan automobile overtook it, veered to the left, and "a commotion" occurred between the 2 automobiles. McTiernan's testimony, construed and viewed in the light most favorable to plaintiffs, was that immediately before he struck the rear of the O'Donnell automobile it had just appeared in front of him at an angle and had just about gotten into the third lane from the east. The right front of the McTiernan automobile struck the left rear of the O'Donnell automobile and then went to the left, crossing the east lane in front of plaintiffs after knocking the O'Donnell automobile out of control and causing it also to swing to the east in front of plaintiffs, whereupon the automobile in which plaintiffs were traveling struck the O'Donnell automobile broadside at a point 150 feet south of the driveway. The accident occurred at dusk and all 4 vehicles had their headlights on.

In entering judgment *non obstante veredicto* the trial court was of the opinion that under plaintiffs' proofs O'Donnells must be held, as a matter of law, free from negligence that was a proximate cause of plaintiffs' injuries and damages. Inherent therein is a holding that plaintiffs' proofs were insufficient

to give rise to a question of fact whether the O'Donnells were guilty of negligence which was a proximate cause of the collision between the O'Donnell and McTiernan automobiles.

Plaintiffs contend that the evidence does give rise to a question of fact whether O'Donnells were guilty of (1) failure to make proper observation before entering the highway or third lane, (2) failure to see the McTiernan automobile approaching or, (3) having seen it, failure to form a reasonable judgment of its speed and distance away, (4) failure to continue to make observations of it, (5) taking chances and proceeding in the face of known danger, (6) traveling at an excessively slow speed in crossing the 2 east lanes and proceeding in the third, and whether such conduct, or any of it, constituted negligence which was a proximate cause of the collisions.

In *Weever* v. *Weiandt,* 321 Mich 585; and *Miller* v. *Pillow,* 337 Mich 262, the relative positions and courses of action of the plaintiffs were comparable to those of the O'Donnells at bar. In both we held, in response to contentions that they should be held guilty of contributory negligence as a matter of law, that the question presented was one of fact for the jury. Under the facts as above outlined, we think the question whether O'Donnells were guilty of negligence which was a proximate cause of plaintiffs' injuries is equally a question of fact.

Although the instructions of the court to the jury are set forth in full in the record, no claim of error therein is made on appeal nor does it appear that defendants filed a motion for a new trial based on such claim; hence, we refrain from passing on it.

Judgments *non obstante veredicto* for defendants O'Donnell are reversed and the causes remanded for

entry of judgments on the verdicts against them. Costs to plaintiffs.

SHARPE, SMITH, EDWARDS, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.