*In re* RUBY ESTATE.

WARD *v.* GRISWOLD.

1. APPEAL AND ERROR—JUDGMENT NON OBSTANTE VEREDICTO—EVIDENCE.

An appellate court views all testimony in the light most favorable to plaintiff in reviewing a judgment for defendant notwithstanding the verdict for plaintiff.

2. CONTRACTS—PROMISE—EXCHANGE.

An understanding that something will happen in the future is not enforceable without agreement on something to be given in exchange.

3. SAME—EXCHANGE—INTENT TO LEAVE ESTATE.

A contract to leave all of one's estate to another in exchange for some service requires an actual agreement and not a mere intention to leave the estate.

4. SAME—AGREEMENT TO LEAVE ESTATE—PROOF.

Proof of existence of a contract to leave one's estate to another, in exchange for services, requires establishing that decedent agreed so to leave his estate and that the services were performed in reliance on the agreement, and not merely knowledge of the decedent's intention.

5. SAME—INTENT TO LEAVE ESTATE—EVIDENCE—JUDGMENT NON OBSTANTE VEREDICTO.

Trial court did not err in entering judgment for defendant administrator of estate notwithstanding verdict in favor of plaintiff claimant in action to enforce alleged contract by which decedent would leave his estate to plaintiff in exchange for services performed in caring for him, where there was evidence that decedent intended to leave his estate to plaintiff, and that she

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 112; 5 Am Jur 2d, Appeal and Error §§ 608, 886.
[2] 17 Am Jur 2d, Contracts §§ 26–30, 75.
[3] 57 Am Jur, Wills § 166.
[4, 5] 57 Am Jur, Wills §§ 177, 185.

performed the services, but no evidence that decedent promised
or agreed to leave his estate to plaintiff.

Appeal from Tuscola; Quinn (Timothy C.), J.
Submitted Division 2 December 5, 1966, at Lansing.
(Docket No. 202.)   Decided April 13, 1967.   Leave
to appeal granted July 5, 1967.   See 379 Mich 770.

Juanita Ward presented her claim against the
estate of Riley Ruby, deceased.   Claim denied in
probate court, and claimant appealed to circuit
court.   Judgment *non obstante veredicto* for de-
fendant Glenn A. Griswold, administrator of the
estate of Riley Ruby.   Plaintiff appeals.   Affirmed.

*Kern & Kern,* for plaintiff.

*Taylor & Patterson,* for defendant.

T. G. KAVANAGH, P. J.   Juanita Ward, plaintiff
herein, claimed a contract with the decedent, Riley
Ruby, to compensate her for her services, irrespec-
tive of the value thereof, by conveying to her his
entire estate.

From a disallowance of her claim in probate
court on June 22, 1962, plaintiff took the cause into
the circuit court for Tuscola county where it was
tried to a jury.

After plaintiff rested, defendant moved for a
directed verdict.   The trial court reserved its deci-
sion on the motion, informing both counsel that the
matter would be submitted to the jury so that if
an appeal were to result in a reversal, counsel
would not have to retry the matter.   This motion
was renewed at the close of proofs.

The jury retired to consider a single written
question, which was, "Has Juanita Ward proved
by a fair preponderance of the evidence and the
inferences to be drawn therefrom that there was

a mutual understanding that Mrs. Ward was to have Mr. Ruby's estate for taking care of him?"

After the jury returned with an affirmative answer to this question, defendant moved for a judgment *non obstante veredicto.* The trial court granted this motion and plaintiff appeals.

In reviewing a judgment for defendant notwithstanding verdict for plaintiff we must view all the testimony in the light most favorable to the plaintiff. *Jones* v. *Michigan Racing Assoc.* (1956), 346 Mich 648; *Grauberger* v. *O'Donnell* (1956), 347 Mich 201; *Higdon* v. *Carlebach* (1957), 348 Mich 363; *Kroll* v. *Katz* (1965), 374 Mich 364. Such a review here still leads us to a result which is not favorable to the plaintiff.

The unfortunate wording of the question submitted to the jury lends confusion to the case. "A mutual understanding that Mrs. Ward was to have Mr. Ruby's estate for taking care of him," can have meaning only as "was there a contract whereby Mr. Ruby agreed to leave his entire estate to Mrs. Ward if she took care of him." See *Moyer* v. *Hafner* (1935), 272 Mich 52.

The "understanding" of a future contingency whether mutual or not is not enforceable absent agreement on a *quid pro quo.* In the case of *Applebaum* v. *Wechsler* (1957), 350 Mich 636, the court said at p 642:

"We agree with the appellant that the law must scrutinize closely and with great caution oral contracts to leave to another, upon the promisor's death, the estate of the latter. There have been, however, many cases involving such agreements and the decisions are clear that the contract will not be defeated, if genuine, by the informal circumstances of its making. What we require is an actual agreement, a contract, a meeting of the minds, not a mere intention."

Thus, if Mr. Ruby intended to leave his estate to Mrs. Ward as a reward for her service, even if she performed the service with knowledge of his intention, unless it can be established that he agreed or promised to do so and she did the work relying on the promise there can be no recovery. See *In re Estate of Donley* (1966), 3 Mich App 458.

We then must sift the evidence to find this promise.

We find evidence that she performed service. We find evidence that Mr. Ruby appreciated it and expected to leave his estate to her. We find no evidence that he *agreed* to do so.

This evidence was insufficient to take plaintiff's claim to the jury on the only grounds on which she relied and the trial court did not err therefore in entering a judgment for defendant *non obstante veredicto*. See *In re Spillette Estate* (1958), 352 Mich 12.

Accordingly, the judgment below is affirmed. Appellee may tax costs.

J. H. Gillis and McGregor, JJ., concurred.