*In re* RUBY ESTATE.

WARD *v.* GRISWOLD.

1. CONTRACTS—AGREEMENT TO LEAVE ESTATE—PLAINTIFF'S USE OF
   ALTERNATIVE THEORIES.
   Plaintiff may proceed alternatively on theories of express or
   implied contract in an action to enforce a contract by which
   decedent was to leave his estate to plaintiff in exchange for
   services performed in caring for him.

2. SAME—APPEAL AND ERROR—IMPLIED CONTRACT.
   Plaintiff is entitled to remand to circuit court for further pro-
   ceedings in which the distinction between the theories of
   express and implied contract may be considered where both
   circuit court and Court of Appeals applied test for express
   oral contract and did not consider possibility of plaintiff's
   reliance upon alternative theory of implied contract.

3. COSTS—NEITHER PARTY PREVAILING IN FULL.
   No costs are awarded where neither party prevails in full in
   Supreme Court.

Appeal from Court of Appeals, Division 2, T. G.
Kavanagh, P. J., and J. H. Gillis and McGregor, JJ.,
affirming Tuscola, Quinn (Timothy C.), J.   Sub-
mitted March 5, 1968.   (Calendar No. 19, Docket No.
51,769.)   Decided December 2, 1968.

6 Mich App 458, vacated, remanded to circuit
court.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 57 Am Jur, Wills § 166 *et seq.*
  Remedies for breach of decedent's agreement to devise, bequeath,
    or leave property as compensation for services.   69 ALR 14.
[2] 5 Am Jur 2d, Appeal and Error §§ 936, 962, 963
[3] 5 Am Jur 2d, Appeal and Error § 1014

Juanita Ward presented her claim against the estate of Riley Ruby, deceased. Claim denied in probate court, and claimant appealed to circuit court. Judgment *non obstante veredicto* for defendant Glenn A. Griswold, administrator of the estate, affirmed by Court of Appeals. Plaintiff appeals. Order affirming circuit court vacated and case remanded to circuit court.

*Thomas R. McAllister* and *Howard C. Fisher,* for plaintiff.

*Taylor & Patterson,* for defendant.

O'HARA, J.   This is an appeal, upon leave granted, from an order of the Court of Appeals affirming a judgment *non obstante veredicto* entered by Honorable Timothy C. Quinn, then presiding circuit judge of Tuscola county.   The relevant facts are stated by the Court of Appeals, as follows:[1]

"Juanita Ward, plaintiff herein, claimed a contract with the decedent, Riley Ruby, to compensate her for her services, irrespective of the value thereof, by conveying to her his entire estate.

"From a disallowance of her claim in probate court on June 22, 1962, plaintiff took the cause into the circuit court for Tuscola county where it was tried to a jury.

"After plaintiff rested, defendant moved for a directed verdict. The trial court reserved its decision on the motion, informing both counsel that the matter would be submitted to the jury so that if an appeal were to result in a reversal, counsel would not have to retry the matter.   This motion was renewed at the close of proofs.

"The jury retired to consider a single written question, which was, 'Has Juanita Ward proved by

1 6 Mich App 458, 459, 460.

a fair preponderance of the evidence and the inferences to be drawn therefrom that there was a mutual understanding that Mrs. Ward was to have Mr. Ruby's estate for taking care of him?'

"After the jury returned with an affirmative answer to this question, defendant moved for a judgment *non obstante veredicto.* The trial court granted this motion and plaintiff appeals."

We granted appeal that we might examine with care the whole record and determine whether any testimony or reasonable inference therefrom would support the jury's affirmative answer to the question.

We examine, first, the nature of the claim. As filed in the probate court, it recited in relevant part:

"(1) Before the death of decedent, she, at the request of the decedent habitually made, served decedent and his wife as housekeeper and as general assistant. The rendition of this service began on or about the fifteenth day of May, 1944.   *   *   *

"(5) For these services claimant [decedent] promised to pay and contracted to devolve his entire estate upon her."

In the circuit court the claim as filed was supplemented as to detail by the opening statement of plaintiff's counsel. We quote:

"We will show   *   *   *   that Mr. Ruby not only required, but that he demanded that these services be rendered by Mrs. Ward, at the cost of serving her own interests.   *   *   *   that she was empowered in writing to do all of his business.   *   *   *   That she did all of his business.   *   *   *   That within 2 or 3 days before his last hour, she actually came to Caro by his instructions to see an attorney for the purpose of having joint deeds, having papers made that would make him and her the joint owners of all of his property, with right of survivorship.   *   *   *

that after she had arrived here [Caro] from the hospital in Detroit, where he was * * * she received * * * an emergency call from Detroit to come back quickly that Mr. Ruby was dying. * * * Foregoing the visit to the attorney, she rushed back to Detroit * * * to comfort him when he died."

It may be fairly said that the testimony adduced supported in varying degrees the claim as filed, and as presented on appeal in the circuit court. After the jury answered the special question affirmatively, on motion *non obstante veredicto,* the circuit judge ruled:

"Even when viewed most favorably to claimant, it is the opinion of this Court that the record contains no evidence, direct or by reasonable inference, that claimant bound herself to do anything in return for decedent's *promise* to leave her his estate." (Emphasis supplied.)

On review the Court of Appeals held:

"We find evidence that she performed service. We find evidence that Mr. Ruby appreciated it and expected to leave his estate to her. We find no evidence that he *agreed* to do so." (Emphasis by Court of Appeals.)

Thus, both the learned trial judge and the Court of Appeals treated the case as one based exclusively on an express oral contract. The record appears to have been examined both on motion *non obstante veredicto* and on review in the Court of Appeals only on this theory.

Nowhere do we find that claimant so confined herself. Neither do we find that defendant at any time attempted so to limit the issue. Plaintiff's closing argument, though not using the exact words, in fair substance showed her reliance upon the theory of implied rather than express contract:

"Now then  \*  \*  \*  you can  \*  \*  \*  find a preponderance  \*  \*  \*  to establish that there was a *mutual understanding* between these people and if you hear anything about a *contract* during my opponent's argument, bear in mind that all you will be asked to decide is whether there was a *mutual understanding*.  The question you will be asked to answer  \*  \*  \*  is whether there was a mutual understanding, *not whether there was a contract.*" (Emphasis supplied.)

Counsel for the estate, in his closing argument, recognized the significance of submitting to the jury not the question of whether there was an express contract but a mutual agreement.  He stated:

"The court will define for you  \*  \*  \*  what is meant by *contract or mutual agreement.*"  (Emphasis supplied.)

When read in conjunction with what counsel for claimant stated, namely, that the question was not whether there was a contract, we are hard put to know whether the defense was using the terms "contract" and "mutual agreement" synonymously or alternatively.  We are convinced from a careful reading of the whole record that the trial judge, counsel for the plaintiff, and counsel for the defendant misunderstood each other as to the significance of the wording of the special question.

In the charge the trial judge made no distinction, as did plaintiff's counsel, between an "understanding" and a "contract."  It seems to us evident that he used them synonymously.  The Court of Appeals characterized the wording of the submitted question as "unfortunate" and as lending "confusion to the case."  The Court of Appeals construed the question as meaning "was there a *contract* whereby Mr. Ruby agreed to leave his entire estate to Mrs. Ward."

Subsequently, the court found "no evidence that he *agreed* to do so." (Emphasis by Court of Appeals.) It would appear again that throughout the trial, on the argument for judgment *non obstante veredicto,* and review in the Court of Appeals the distinction plaintiff was making between express and implied contract was not commonly understood by the parties and the court.

Under the authority of *Burns* v. *Kieley's Estate* (1928), 242 Mich 668, we think claimant had a right to proceed and did in fact believe she was proceeding on the alternative theories of express and implied contract. In a fact situation strikingly similar to the case at bar, we said at p 672:

"The existence of a contract between plaintiff and decedent was not shown by direct evidence of conversations between them. However the declarations made by decedent that he had *promised*[2] and *had told* plaintiff she should have his property as her pay if she would continue to live with and work for him tended to establish an agreement. * * * The declarations of the decedent, with the *fact of plaintiff's services,* were sufficient to carry to the jury the issue of the agreement to pay for the services and the *character of the contract.*" (Emphasis supplied.)

In *Burns,* defendant, after claimant's opening statement, demanded that she announce whether the claim was being presented on express or implied contract. Her counsel replied he "would proceed upon the theory of an express contract, but, if unable to do that, would claim under an implied contract." We held this proper. Absent such clarification here we can only conclude that claimant's counsel, especially in view of the quotations from his argument, believed

---

[2] See Judge Quinn's use of the word "promise" in his opinion granting the motion *non obstante veredicto.*

he was proceeding at least alternatively as in *Burns,* if not on the implied contract theory. We believe the test applied to the testimony by Judge Quinn, and then by the Court of Appeals, was correct as to an action based solely and exclusively on an express contract, but was incorrectly applied to the question of the sufficiency of the evidence adduced in support of this claim when viewed as resting on the theory of implied contract.

Because of the apparent confusion of issue, we do not believe we should either affirm or reverse. We vacate the order of the Court of Appeals affirming the judgment *non obstante veredicto* and remand to the circuit court for further proceedings.

No costs, neither party having prevailed in full.


KELLY, ADAMS, and T. E. BRENNAN, JJ., concurred with O'HARA, J.


DETHMERS, C. J., and BLACK and T. M. KAVANAGH, JJ., concurred in result.