ROE, Plaintiff-Appellant, v. LARSON, Defendant: SECURITY MUTUAL CASUALTY COMPANY, Defendant-Respondent. [Case No. 78–875.]†

BAUER, Plaintiff-Appellant, v. SECURITY MUTUAL CASUALTY COMPANY, Defendant-Respondent. [Case No. 79–515.]†

Court of Appeals

*No. 78–875. Argued May 16, 1979.—Decided December 5, 1979.
No. 79–515. Submitted on briefs September 25, 1979.—
Decided December 5, 1979.*
(Also reported in 287 N.W.2d 824.)

† Petitions to review granted.

For the appellant there was a brief and oral argument by *W. W. Bitney* of Spooner. [Case No. 78–875.]

For the respondent there was a brief by *Davis, Witkin, Weiby & Maki, S.C.,* and oral argument by *Jeffrey Lee,* of Superior. [Case No. 78–875.]

For the appellant the cause was submitted on the briefs of *Michael S. Siddall* and *Herrling, Clark, Hartzheim & Siddall, Ltd.,* of Appleton. [Case No. 79–515.]

For the respondent the cause was submitted on the brief of *Fulton, Menn & Nehs, Ltd.,* of Appleton. [Case No. 79–515.]

Before Dean, P.J., Donlin, J., and Foley, J.

DEAN, P.J. These two cases have been consolidated because they present an identical issue: are the provisions of the uninsured motorist statute, sec. 204.30(5) (a), Stats. (1973) [revised and renumbered 632.32(3) (a)], violated by a policy exclusion that denies coverage to an insured injured by an uninsured motorist while the insured is occupying an uninsured vehicle owned by the named insured? Both appellants, who were seriously injured in 1974, were insured under policies issued by Security Mutual. Bauer was the named insured and was operating an uninsured motorcycle owned by him. Roe was an insured under a policy issued to his father, and when injured, was a passenger on an uninsured motorcycle owned by his father. Summary judgment was granted to Security Mutual in both cases because the trial courts determined that sec. 204.30(5)(a) did not require that the policies be free from exclusions, and, therefore, the parties were free to contract as they did. Because we conclude that the uninsured motorist statute, which provides protection for persons and not for vehicles, invalidates the policy exclusion and requires coverage, we reverse the decisions of the trial courts.

Questions of law are properly decided on motion for summary judgment. On review, however, this court will reverse the decision of a trial court where the law has been erroneously applied. *Jones v. Sears Roebuck & Co.,* 80 Wis.2d 321, 259 N.W.2d 70 (1977). Statutory construction involves a question of law, and on such questions this court is not required to give any special weight to the conclusions of the trial court. *Engineers and Scientists of Milwaukee, Inc. v. City of Milwaukee,* 38 Wis.2d 550, 157 N.W.2d 572 (1968). The applicable statute is sec. 204.30(5)(a), Stats. (1973), which provided in part:

*No automobile liability or motor vehicle liability policy of insurance* insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle *shall be delivered* or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state *unless coverage is provided* therein or supplemental thereto in limits for bodily injury or death in the amount of at least $15,000 per person and $30,000 per accident under provisions approved by the commissioner of insurance, *for the protection of persons injured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles* because of bodily injury, sickness or disease, including death resulting therefrom. [Emphasis supplied.]

The policies issued by Security Mutual provided for uninsured motorist coverage as required by statute, but the policies also contained a "drive other cars" exclusion that denied coverage under certain circumstances. That exclusion states:

This policy does not apply:

. . . .

Under the Uninsured Motorists Coverage,
(o) to bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured or by any person resident in the same household who is related to the named insured by blood, marriage or adoption, or through being struck by such a vehicle;

An insured automobile is defined in the policy as an "automobile described in this policy for which a specific premium charge indicates that coverage is afforded."

It is undisputed that the injuries occurred while appellants were occupying uninsured vehicles under this definition. The policy issued to Kevin Roe's father described a 1971 Ford, and the policy issued to Bauer described a 1969 Ford. Since both appellants were injured while occupying uninsured vehicles owned by the

named insureds, both fall within the terms of the exclusion in the policies. The issue here is whether the exclusion is inconsistent with the protective purpose of the uninsured motorist statute.

Although an insurer will not be required to provide coverage beyond that clearly mandated by the terms of the statute, this court will not hesitate to strike policy provisions in uninsured driver agreements that violate the statutory mandate. *Siegel v. American Interstate Insurance Corporation of Wisconsin,* 72 Wis.2d 522, 241 N.W.2d 178 (1976). In such a case, a policy of insurance omitting a required coverage will be enforced as though it had been written in accordance with the legislative prescription. *Amidzich v. Charter Oak Fire Insurance Co.,* 44 Wis.2d 45, 170 N.W.2d 813 (1969).

The policy behind the uninsured motorist statute is to afford an insured, injured by an uninsured motorist, the same protection he would have had for an injury caused by a motorist insured by a standard automobile liability policy. *Siegel, supra.* The statute is for "the protection of persons injured." It does not place limits as to where the injury must occur.

Wisconsin has not addressed the issue of whether an exclusion like the one involved here violates the policy behind the uninsured motorist statute. Other jurisdictions, however, have addressed the issue in the interpretation of their uninsured motorist statutes.

The case of *Lowery v. State Farm Mutual Automobile Insurance Company,* 285 So.2d 767 (Miss. 1974), provides exhaustive treatment of the issue, and involves facts almost identical to those before us. *Lowery* held that an exclusion, similar to that in the Security Mutual policy, could not be given effect because it violated the provisions of the Mississippi Uninsured Motorist Act. According to *Lowery,* the purpose of uninsured motorist laws

is "to give the same protection to the person injured by an uninsured motorist as he would have had if he had been injured in an accident caused by an automobile covered by a standard liability policy." *Lowery, supra,* at 770 citing *Rampy v. State Farm Mutual Automobile Insurance Company,* 278 So.2d 428 (Miss. 1973).

Before arriving at its decision, however, *Lowery* undertook an extensive review of cases from other jurisdictions that had addressed the same issue. *Lowery* pointed out that there were ten jurisdictions that held that "drive other cars" exclusions violated the policy provisions of each state's uninsured motorist statute.[1] The facts surrounding the decisions in many of those jurisdictions were virtually identical with the facts in this case.

*Lowery* also mentioned cases from five jurisdictions that decided the opposite way.[2] *Lowery* pointed out, however, that three of those cases[3] relied on decisions of other jurisdictions that have since been overruled. After

[1] *Aetna Ins. Co. v. Hurst,* 2 Cal. App.3d 1067, 83 Cal. Rptr. 156 (1969); *Mullis v. State Farm Mut. Auto. Ins. Co.,* 252 So.2d 229 (Fla. 1971); *Gulf Am. Fire & Cas. Co. v. McNeal,* 115 Ga. App. 286, 154 S.E.2d 411 (1967); *Doxtater v. State Farm Mut. Auto. Ins. Co.,* 8 Ill. App.3d 547, 290 N.E.2d 284 (1972); *State Farm Mut. Auto. Ins. Co. v. Robertson,* 156 Ind. App. 149, 295 N.E.2d 626 (1973); *Elledge v. Warren,* 263 So.2d 912 (La. App. 1972); *State Farm Mut. Auto. Ins. Co. v. Hinkel,* 87 Nev. 478, 488 P.2d 1151 (1971); *Hogan v. Home Ins. Co.,* 260 S.C. 157, 194 S.E.2d 890 (1973); *Allstate Ins. Co. v. Meeks,* 207 Va. 897, 153 S.E.2d 222 (1967); *Touchette v. Northwestern Mut. Ins. Co.,* 80 Wash.2d 327, 494 P.2d 479 (1972).

[2] *Owens v. Allied Mut. Ins. Co.,* 15 Ariz. App. 181, 487 P.2d 402 (1971); *Holcomb v. Farmers Ins. Exch.,* 254 Ark. 514, 495 S.W.2d 155 (1973); *Barton v. American Family Mut. Ins. Co.,* 485 S.W.2d 628 (Mo. App. 1972); *Shipley v. American Standard Ins. Co. of Wis.,* 183 Neb. 109, 158 N.W.2d 238 (1968); *Stagg v. Travelers Ins. Co.,* 486 S.W.2d 399 (Tex. Civ. App. 1972).

[3] *Owens v. Allied Mut. Ins. Co.,* 15 Ariz. App. 181, 487 P.2d 402 (1971); *Holcomb v. Farmers Ins. Exch.,* 254 Ark. 514, 495 S.W.2d 155 (1973); *Stagg v. Travelers Ins. Co.,* 486 S.W.2d 399 (Tex. Civ. App. 1972).

reviewing the cases in those fifteen jurisdictions, the court in *Lowery* concluded: "[t]he great weight of authority supports the appellant's contention that the exclusionary clause in the present case violates the public policy of this state as manifested by the Mississippi Uninsured Motorist Act." 285 So.2d at 777.

Bauer refers us to decisions in ten additional jurisdictions that have considered the same issue since *Lowery*.[4] All of those decisions have held that an exclusion denying uninsured motorist coverage to an insured injured while occupying a vehicle other than an insured automobile was void as against the public policy behind each state's uninsured motorist statute. We could find only one recently decided case that reached an opposite result, *Employers' Fire Insurance Company v. Baker*, 383 A.2d 1005 (R.I. 1978). That decision was decided by a 3-2 majority, however, with the two dissenters each writing strong dissenting opinions.

While there may not necessarily be any strength in numbers, the fact remains that most jurisdictions, which have considered this issue, have voided "drive other cars" exclusions as being contrary to the policy and philosophy of each state's uninsured motorist statute. We have carefully reviewed the decisions of each of the above mentioned jurisdictions, and although the statutes of the

---

[4] *State Farm Auto. Ins. Co. v. Reaves*, 292 Ala. 218, 292 So.2d 95 (1974); *Kau v. State Farm Mut. Auto. Ins. Co.*, 58 Haw. 49, 564 P.2d 443 (1977); *Hickman v. Community Serv. Ins. Co.*, 78 Mich. App. 1, 259 N.W.2d 367 (1977); *Kaysen v. Federal Ins. Co.*, 268 N.W.2d 920 (Minn. 1978); *Beek v. Ohio Cas. Ins. Co.*, 73 N.J. 185, 373 A.2d 654 (1977); *Chavez v. State Farm Mut. Auto. Ins. Co.*, 87 N.M. 327, 533 P.2d 100 (1975); *Grange Mut. Cas. Co. v. Volkmann*, 54 Ohio St.2d 58, 374 N.E.2d 1258 (1978); *Cothren v. Emcasco Ins. Co.*, 555 P.2d 1037 (Okla. 1976); *Wilbert v. Harleysville Mut. Ins. Co.*, 385 A.2d 987 (Pa. Super. Ct. 1978); *Bell v. State Farm Mut. Auto. Ins. Co.*, 207 S.E.2d 147 (W. Va. App. 1974).

other states are not exactly the same as the Wisconsin Statutes,[5] we can find no important distinction among them. The current trend and greater weight of authority requires that we void the Security Mutual policy exclusion as being contrary to coverage mandated by sec. 204.30 (5) (a), Stats. (1973). There is nothing in this statute that limits coverage depending on the location or status of the insured. There is no requirement in the statute that the insured have any relation with any vehicle he owns at the time of the accident, which is insured with the insurer. The statute is for "the protection of persons," not for the protection of insured vehicles. Any exceptions dependent on the location of the insured should be sanctioned by the legislature and not by this court.

Security Mutual argues that the case of *Limpert v. Smith,* 56 Wis.2d 632, 203 N.W.2d 29 (1973), requires us to affirm the decisions of the trial courts. *Limpert* upheld the validity of a "drive other cars" provision and pointed out that the purpose of such a provision is:

to avoid coverage for several vehicles owned by members of the same family who, by their close relationship might be expected to use each other's cars without hindrance and with or without permission. Without this limitation a person could purchase just one policy on only one automobile and thereby secure coverage for all the other vehicles he may own or vehicles the members of his fam-

---

[5] Some statutes allow an insured to reject uninsured motorist coverage. Other statutes specifically define "insureds" as belonging to two classes: (1) the named insured, including any relative, while in a motor vehicle or otherwise; (2) any person who uses, with the consent of the insured, the motor vehicle named in the policy. Although the Wisconsin statute doesn't define "insured," the Security Mutual policy itself seems to provide that the persons insured are of two classes: "(1) the named insured and any relative; (2) any other person while occupying an insured automobile." Thus, the analysis of any decision based on a statute that defines "insured" can still be followed in this case. Finally, other statutes are virtually identical to the Wisconsin statute.

ily own while residents of the same household. There is no doubt that a car owner can insure all of the automobiles he owns, but he cannot do so under a policy describing only one such automobile and omitting all others owned by him or by household relatives. 56 Wis.2d at 638, 203 N.W.2d at 32–33 [citations omitted].

More recently, *Limpert* was followed by this court in *Damp v. Zabel*, 85 Wis.2d 383, 270 N.W.2d 434 (Ct. App. 1978).

These decisions are not controlling as to the issue presented in this case, because neither dealt with the validity of the exclusionary clause in light of the uninsured motorist statute. Both *Limpert* and *Damp* were concerned with limitations on coverage rather than with exclusions to coverage. *Limpert* dealt with the validity of the "drive other cars" provision as it related to sec. 343.15(2), Stats., which provides that the negligence of a minor motor vehicle operator is imputed to the person who signed the application for the minor's license. *Damp* dealt with the validity of the "drive other cars" provision as it related to sec. 204.30(3), Stats. (1973), the omnibus statute.

Under the omnibus statute, whatever coverage was extended to the named insured also had to be extended to passengers and permitted drivers. The extended coverage only had to be of the same kind and given in the same manner, however, as was given to the named insured. Since the named insured was free to contract for the type of coverage he desired, any limitation on coverage did not violate the statutory mandate. In this case, the policy provision is a total exclusion from coverage, which violates the mandatory coverage provisions of the uninsured motorist statute.

Security Mutual argues, relying on *Limpert*, that if we were to give relief to appellants, we would be encouraging motorists to purchase only one policy that has uninsured motorist coverage for the protection of numerous self-owned and household relatives' vehicles. Security

Mutual strongly argues that insurance companies should not be deprived of a premium for a risk that they are being required to assume.

Professor Alan Widiss, in his treatise on uninsured motorist coverage quoted in *Lowery, supra,* answers these objections. In discussing the validity of this exclusionary clause, he states:

Several courts have upheld this clause "as a legitimate business purpose of the company." In other words, these decisions allow the insurer to withhold protection which would otherwise exist as a means of penalizing the claimant for owning and operating an uninsured vehicle— even though that status is completely unrelated to the claim under the uninsured motorist endorsement.

It is difficult to accept the propriety of such a resttriction on coverage. First, the importance or value of the imputed business purpose for this exclusion seems tenuous as applied to the purchaser who owns more than one vehicle. Acquisition of insurance for a second vehicle is relatively inexpensive; therefore permitting the insurer to withhold coverage for the small return seems of dubious merit. Second, the acceptance of this exclusion as a "legitimate business purpose" of the insurer with respect to vehicles owned by relatives (residing in the same household) only follows if one expects that such relatives in the same household would buy insurance from the same company. This seems an unwarranted assumption. Third, insofar as the uninsured motorist coverage is in theory predicated solely on the negligence of the unrelated uninsured motorist, there seems to be little reason to impose a limitation other than that of fault. Fourth, this exclusion directly conflicts with a strong public policy which favors indemnification of accident victims unless they are responsible for the accident. . . . Widiss, A Guide to Uninsured Motorist Coverage, Section 2.9 at 28–29 (1969). 285 So.2d at 775.

*By the Court.*—The judgment in Case No. 78–875 is reversed and remanded for trial, and the judgment in Case No. 79–515 is reversed and remanded for entry of a declaratory judgment as requested by the plaintiff.