Robert VIDMAR, Plaintiff-Appellant,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation, Defendant-Respondent,

Ruby MITCHELL, National Indemnity Company, a foreign corporation, City of Milwaukee, a municipal corporation, Defendants.†

Court of Appeals

*No. 80–410. Submitted on briefs September 16, 1980.—*
*Decided October 24, 1980.*
(Also reported in 299 N.W.2d 288.)

† Petition to review granted.

For the appellant, the cause was submitted on the briefs of *Patrick O. Dunphy* and *Habush, Habush & Davis, S.C.*, of Milwaukee.

For the respondent, the cause was submitted on the brief of *Richard S. Baker* and *Borgelt, Powell, Peterson & Frauen, S.C.*, of Milwaukee.

Before Decker, C.J., Moser, P.J., and Scott, J.

DECKER, C.J.  The issue on appeal is whether an automobile liability policy endorsement can exclude from uninsured motorist coverage, liability for an insured's injury sustained while occupying a non-owned vehicle in the course of his employment.  We hold that it cannot and reverse the judgment of the trial court.

Robert Vidmar's automobile liability policy issued to him by American Family Mutual Insurance Company, contained an endorsement excluding coverage for "the operation of . . . non-owned automobiles" while occupied by Vidmar in connection with his employment.  Vidmar, a Milwaukee police officer, was injured while occupying a police vehicle when it was struck by an uninsured motorist.  The trial court granted American Family's motion for summary judgment[1] on the ground that the endorsement excluded coverage for his injury sustained while occupying a vehicle in the course of his employment.

"Because we conclude that the uninsured motorist statute, which provides protection for persons and not for vehicles, invalidates the policy exclusion and requires coverage," *Roe v. Larson,* 94 Wis.2d 204, 206, 287 N.W.2d 824, 825 (Ct. App. 1979), we need not consider

---

[1] The trial court also denied Vidmar's motion for summary judgment.  Although Vidmar also appealed from that portion of the judgment that denied his motion for summary judgment, he has not pursued that portion of the appeal in his brief and we, therefore, do not address the subject.

Vidmar's contention that the endorsement should be construed not to reduce uninsured motorist coverage prescribed by sec. 632.32(3), Stats.

In *Roe* we held that a "drive other cars" exclusion that denied uninsured motorist coverage to an insured injured while occupying a vehicle other than an insured automobile was void as against the public policy of the uninsured motorist statute (sec. 632.32(3), Stats.). The exclusion in Vidmar's policy proscribing coverage while occupying a non-owned automobile in connection with his employment does not sweep as broadly but nonetheless is focused directly upon diluting the coverage provided by sec. 632.32(3), Stats.

The policy behind the uninsured motorist statute is to afford an insured, injured by an uninsured motorist, the same protection he would have had for an injury caused by a motorist insured by a standard automobile policy. [citation omitted]. The statute is for "the protection of persons injured." It does not place limits as to where the injury must occur. *Roe, supra,* at 208, 287 N.W.2d at 826.

Although the exclusion is narrower in this case than in *Roe,* its aim and purpose is the same—to dilute uninsured motorist coverage by excluding coverage for an injury by an uninsured motorist sustained by the insured while occupying a vehicle in connection with the insured's employment. As in *Roe,* the thrust of the exclusion is to limit the place where injury occurs. Such a limitation is violative of the statute and therefore invalid.

In analyzing the coverage exclusion in this case, we can perceive no difference from the exclusion in *Roe* or the "vehicle furnished for regular use" exclusion invalidated in Ohio, Texas and Washington. *Buckeye Union Insurance Co. v. Bradley,* 33 Ohio App.2d 144, 293 N.E.2d 109 (1972); *Bilbrey v. American Auto Insurance*

*Co.,* 495 S.W.2d 375 (Tex. Civ. App. 1973) ; *Grange Insurance Association v. Great American Insurance Co.,* 89 Wash.2d 710, 575 P.2d 235 (1978).[2]

*By the Court.*—Judgment reversed and remanded.

---

[2] *See also Hartford Acc. & Indem. Co. v. Cummings,* 384 N.E.2d 119 (Ill. App. 1978); *Roby v. Illinois Founders Ins. Co.,* 372 N.E.2d 1097 (Ill. App. 1978). *See also Bradley v. Mid-Century Ins. Co.,* 409 Mich. 1, 294 N.W.2d 141, 144 (1980), where the Michigan Supreme Court invalidated an "owned vehicle" exclusion from uninsured motorist coverage when a liability insured sustained injuries in a family-owned vehicle which was not the vehicle for which the uninsured motorist coverage was specifically purchased.