Kevin L. ROE, Plaintiff-Appellant,

v.

Richard A. LARSON, Defendant, SECURITY MUTUAL CAS-
UALTY COMPANY, Defendant-Respondent-Petitioner.
[Case No. 78–875.]

John H. BAUER, Jr., Plaintiff-Appellant,†

v.

SECURITY MUTUAL CASUALTY COMPANY,
Defendant-Respondent-Petitioner.   [Case No. 79–515.]

Supreme Court

*Nos. 78–875, 79–515. Argued October 28, 1980.—
Decided November 25, 1980.*

(Also reported in 298 N.W.2d 580.)

† Motion for reconsideration denied, with costs, on January 13,
1981.

Case No. 78–875. For the petitioner there was a brief by *Daniel D. Hannula* and *Davis, Witkin, Weiby & Maki, S.C.*, of Superior, and oral argument by *Daniel D. Hannula.*

For the appellant there was a brief and oral argument by *W. W. Bitney* of Spooner.

Case No. 79–515. For the petitioner there was a brief by *Peter S. Nelson* and *Fulton, Menn & Nehs, Ltd.*, of Appleton, and oral argument by *Peter S. Nelson.*

For the appellant there were briefs by *Michael S. Siddall* and *Herrling, Clark, Hartzheim & Siddall, Ltd.*, and oral argument by *Joseph Troy*, all of Appleton.

STEINMETZ, J. These two cases have been consolidated for appeal. They are identical in all the requirements necessary for determining the common issue of law which is:

Whether an exclusion, in the uninsured motorist coverage provision of an automobile liability policy, of bodily injury to an insured occupying an owned motor vehicle, other than the insured automobile, at the time of the accident, is inconsistent with the protective purpose of the state uninsured motorist statute.

The trial courts answered this issue "No." The court of appeals answered it "Yes" and held that such a policy exclusion was against the public policy of the uninsured motorist statute.

Kevin L. Roe, one of the plaintiffs, on October 20, 1974, was riding as a passenger on a motorcycle owned and operated by his father, Bernard Roe. Bernard Roe was the named insured under a liability policy issued by Security Mutual Casualty Company of Chicago, Illi-

nois. An accident occurred on that date between the plaintiff and his father on the motorcycle and defendant, Richard Larson, who was uninsured and driving an uninsured automobile. Plaintiff was seriously injured, causing amputation of his right leg above the knee.

Plaintiff brings this action joining Security Mutual Casualty Company, who insured his father's automobile, providing coverage including uninsured motorist liability in the sum of $30,000.

The motorcycle, upon which the plaintiff and his father were riding at the time of the accident, was not enumerated nor described in the policy.

The insurance company brought a motion for summary judgment which was granted by the trial court and this decision was reversed by the court of appeals.

The facts of the other consolidated case were that on May 25, 1974, the plaintiff, John H. Bauer, Jr., was the operator of a motorcycle when he was struck and seriously injured by a motorcycle which immediately prior to impact was being operated by William Shirriff, who was uninsured. Mr. Bauer also owned a vehicle described in the policy with Security Mutual as a 1969 six-cylinder Ford. Mr. Bauer was operating a motorcycle owned by him but not listed on his policy. The policy contained an uninsured motorist provision with the same exclusion as in the Roe policy.

John Bauer sought a declaratory judgment of his rights under the contract of insurance. Security Mutual brought a motion for summary judgment which was granted by the trail court and this was reversed by the court of appeals.

The petitioner, Security Mutual Casualty Company, appeals the decision of the court of appeals which is reported at *Roe v. Larson,* 94 Wis.2d 204, 287 N.W.2d 824 (Ct. App. 1979).

The uninsured motorist coverage provision in effect when these accidents occurred was sec. 204.30 (5) (a),

Stats., Laws of 1973, which contained the following provisions:

"No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein or supplemental thereto in limits for bodily injury or death in the amount of at least $15,000 per person and $30,000 per accident under provisions approved by the commissioner of insurance, for the protection of persons injured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death resulting therefrom. . . . The uninsured motorist bodily injury coverage limits provided in an automobile liability or motor vehicle liability policy of insurance as required in this subsection shall not be reduced by the terms thereof to provide the insured with less protection than would be afforded him if he were injured by a motorist insured under an automobile liability or motor vehicle liability policy of insurance containing the limits provided in this subsection."

The last sentence of the statute was designed to eliminate what are commonly called "other insurance" provisions of policies. This sentence is a nonreducing provision and has nothing to do with an exclusion from coverage. The "other insurance" provision had been upheld by this court in *Nelson v. Employers Mut. Casualty Co.*, 63 Wis.2d 558, 217 N.W.2d 670 (1974).

The "other insurance" clause of sec. 204.30(5)(a), Stats., was subsequently removed from the statutes on the grounds that "It does not seem to add anything." (W.S.A. sec. 632.32, p. 239, Committee Comment—1975.)

The court of appeals decided the issue in the instant cases on public policy and case rulings from other juris-

dictions. That court held that the uninsured motorist statute provides protection for persons and not for vehicles and therefore the policy exclusion is invalid.

The policy exclusion is referred to as a "drive other cars" exclusion and reads:

"This policy does not apply:

" . . .

"Under the Uninsured Motorists Coverage,

"(o) to bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured or by any person resident in the same household who is related to the named insured by blood, marriage or adoption, or through being struck by such a vehicle;"

The vehicles in each of the instant cases were owned by the respectively named insured and were not insured nor listed on the policy in question. They therefore were within the exclusion and uninsured motorist coverage did not apply to those vehicles unless the exclusion is invalid due to the meaning and language of sec. 204.30 (5) (a), Stats., Laws of 1973.

The court of appeals relied greatly on *Lowery v. State Farm Mutual Automobile Ins. Co.*, 285 So.2d 767 (Miss. 1974). That case ruled that an exclusion similar to the one in the instant cases, could not be given effect because it violated the provisions of the Mississippi Uninsured Motorist Act. However, that statute in the "critical language" defined the word "insured." In Mississippi the word insured, by statute, meant, "the named insured and, while resident of the same household, the spouse of any such named insured, and relatives of either, while in a motor vehicle or otherwise . . ." Obviously, when the term "insured" is defined by statute there can be no limit placed on it in the form of an exclusion in an individual policy. However, the Wisconsin Statutes as they existed at the time of the instant cases did not have a similar definition of insured and had none

applying to uninsured motorist provisions.[1] Therefore, the definition in the policy is controlling.[2] Since the policy defines the term, then an exclusion of coverage can be placed in the same policy as long as its provisions are not prohibited by law.

When considering whether excess and reducing clauses in an insurance policy were in derogation of sec. 204.30 (5), Stats., this court held, "The question is not public policy, who paid insurance premiums or any other issue, but what sec. 204.30(5), Stats. 1967, requires in way of uninsured motorist coverage." *Nelson v. Employers Mut. Casualty Co.*, 63 Wis.2d 558, 568, 217 N.W.2d 670 (1974).

It is clear that sec. 204.30(5), Stats. 1973, required uninsured motorist coverage to be provided with every automobile or motor vehicle liability policy delivered

---

[1] The uninsured motorist statute, sec. 204.30(5), Stats. 1973, was renumbered sec. 600.03(26) by ch. 375, Laws of 1975, published June 21, 1976. This renumbering made the uninsured motorist statute subject to sec. 600.03(26), which provides:

"(26) 'Insured' means any person to whom or for whose benefit an insurer makes a promise in an insurance policy. The term includes policyholders, subscribers, members and beneficiaries. This definition applies only to chs. 600 to 649 and does not apply to the use of the word in insurance policies."

This definition does not apply to the use of the word "insured" in insurance policies, and, therefore, it does not exclude the definition of "insured" in this policy.

[2] "PERSONS INSURED

"Under the Uninsured Motorists Coverage, the following are insureds:

"(a) the named insured and any relative,

"(b) any other person while occupying an insured automobile,

"(c) any person, with respect to damages he is entitled to recover because of bodily injury to which this coverage applies sustained by an insured under (a) or (b) above.

"The insurance afforded under the Uninsured Motorists Coverage applies separately to each insured, but the inclusion herein of more than one insured shall not operate to increase the applicable limit of the company's liability."

and that such coverage was "for the protection of persons injured *thereunder* . . ." (Emphasis added.)

The court of appeals ignored the word "thereunder" in the section. "[I]t is a basic rule of statutory construction that in construing statutes, effect is to be given, if possible, to each and every word, clause and sentence in a statute, and a construction that would result in any portion of a statute being superfluous should be avoided wherever possible." *County of Columbia v. Bylewski*, 94 Wis.2d 153, 164, 288 N.W.2d 129 (1980). The word "thereunder" is not surplusage; it must have a meaning in the section. It refers back to the *"automobile liability or motor vehicle liability policy."* (Emphasis added.) Therefore, uninsured motorist coverage is required coverage in Wisconsin that must be related to a vehicle liability policy.

The exclusion in the instant policy is a valid one and its purpose has received recognition previously by this court. In *Limpert v. Smith*, 56 Wis.2d 632, 203 N.W.2d 29 (1973) this court stated at page 638:

"The purpose of defining and limiting the meaning of these terms with respect to these coverage provisions in the automobile liability policies (which terms exclude liability arising out of the use of another automobile owned by or regularly used by a member of an insured's household) is to avoid coverage for several vehicles owned by members of the same family who, by their close relationship, might be expected to use each other's cars without hindrance and with or without permission. Without this limitation a person could purchase just one policy on only one automobile and thereby secure coverage for all the other vehicles he may own or vehicles the members of his family own while residents of the same household. *National Farmers Union Property & Casualty Co. v. Maca* (1965), 26 Wis.2d 399, 405, 132 N.W.2d 517; *Giese v. Karstedt* (1966), 30 Wis.2d 630,

637, 141 N.W.2d 886; and *McDonald v. Aetna Casualty & Surety Co.* (1970), 47 Wis.2d 235, 177 N.W.2d 101. There is no doubt that a car owner can insure all of the automobiles he owns, but he cannot do so under a policy describing only one such automobile and omitting all others owned by him or by household relatives. *McDonald v. Aetna Casualty & Surety Co., supra.*"

What the plaintiffs in the instant cases theorize is that they need purchase liability coverage for a declared owned vehicle of the insured and receive by requirements of law uninsured motorist protection (by paying the premium for that vehicle) for not only the declared vehicle, but all vehicles owned by the named insured and members of his household. This type of umbrella uninsured motorist coverage that covers the insured wherever he is located is not required by the state. What is required is uninsured motorist coverage related to the ownership, maintenance or use of vehicles, declared or covered due to its terms, by an automobile or motor vehicle liability policy. To declare otherwise would be to amend sec. 204.30(5), Stats., by eliminating the word "thereunder."

The trial judge in the *Bauer* case stated that even though the uninsured motorist statute affords an insured injured by an uninsured motorist a protection he would have had for an injury caused by a motorist insured by a standard automobile liability policy, (*Siegel v. American Interstate Ins. Corp.*, 72 Wis.2d 522, 241 N.W. 2d 178 (1976)), ". . . [it] does not justify construing uninsured motorists coverage to be an accidental disability and health insurance policy."

It was suggested at oral argument that the policy in question may, on its face, extend uninsured motorist coverage to insureds when they are pedestrians, while not extending coverage to insureds when they are riding

in uninsured vehicles which they own. Though this may seem incongruous, the coverage given to insureds when they are pedestrians is volunteered coverage. What coverage companies might competitively offer in their policies is not in issue in these cases. What is in issue is what coverage was required by sec. 204.30(5)(a), Stats. 1973, and whether the exclusion of these insurance policies gave the insureds less coverage than the state required. On this issue, this court rules the exclusion did not deprive the insureds of required coverage, and that the exclusion was reasonably related to controlling mutiple coverage on automobile policies beyond the knowledge of the insurance company of its exposure or the actuarial probabilities for loss under uninsured motorist coverage.

*By the Court.*—The decision of the court of appeals is reversed.

SHIRLEY S. ABRAHAMSON, J. (*dissenting*). I dissent. I would affirm the decision of the court of appeals which reverses the judgments of the circuit courts. I find the opinion of the court of appeals, *see Roe v. Larson*, 94 Wis.2d 204, 287 N.W.2d 844 (Ct. App. 1979), well-reasoned and persuasive, and I adopt it as my dissenting opinion.