Carol Evelyn BEHNKE, Plaintiff-Appellant,

v.

Milton Edward BEHNKE, Defendant-Respondent.

Court of Appeals

*No. 80–1854. Submitted on briefs March 25, 1981.—
Decided June 18, 1981.*
(Also reported in 309 N.W.2d 21.)

For the plaintiff-appellant the cause was submitted on the brief of *Robert J. Zeman* of *Radosevich & Zeman* of Manitowoc.

For the defendant-respondent the cause was submitted on the brief of *Reginald P. Buran* of Manitowoc.

Before Decker, C.J., Voss, P.J., and Scott, J.

SCOTT, J. Carol Behnke appeals from the trial court's refusal to order a modification of the child support obligations of her former husband, Milton. Her request was premised on sec. 767.25(4), Stats., enacted after the final judgment of divorce in this case. The trial court ruled the statute could not be applied retroactively to extend Mr. Behnke's support obligations. We vacate the order of the trial court and remand for further proceedings.

Carol and Milton Behnke were divorced on July 3, 1978. Milton was ordered to pay child support to Carol for the minor child in her custody. The child was born on August 14, 1962. On August 7, 1980, Carol filed an order to show cause seeking an extension of Milton's support obligation until the child completed high school or attained her

■

nineteenth birthday.[1] The child was seventeen years of age and had not yet finished high school when the order to show cause was filed.

Carol Behnke's request was founded on sec. 767.25(4), Stats., which provides:

(4) In making an order for child support, the court may order either party or both to pay for the support of any child of the parties who is less than 19 years old and is pursuing an accredited course of instruction leading to the acquisition of a high school diploma or its equivalent.

That subsection was added to sec. 767.25, Stats., by ch. 196, sec. 28 of the 1979 Session Laws. The effective date of the new statute was August 1, 1980. Section 49 of ch. 196 reads:

Application. *This act applies to all actions* affecting marriage and to all motions concerning actions affecting marriage which are commenced or filed on or after the effective date of this act, *including* motions or *actions for modification* or enforcement *of orders entered prior to the effective date of this act.* [Emphasis added.]

The trial court found "the provisions of Section 767.25 (4) providing for applications of the subsection to actions for modification or enforcement of orders entered *prior* to the effective date of the act to be impermissibly retroactive and void."

The issue before the trial court and this court is whether the legislature had the power to apply sec. 767.25(4), Stats., to judgments and orders existing on August 1, 1980. It is clear that sec. 49 of ch. 196 attempted to do so. The trial court held that sec. 767.25(4)

---

[1] The August 7, 1980 order to show cause also sought an increase in the amount of child support due to changed circumstances. The trial court did not rule on that aspect of the request since the child was already eighteen years old when the trial court ruled it could not extend the father's obligation beyond the child's eighteenth birthday. That issue should be addressed by the trial court upon remand.

could not affect existing orders. In effect, it found sec. 49 of ch. 196 void. If the trial court's ruling is correct, the father's obligation to pay child support ceased on August 14, 1980 when his daughter turned eighteen years old.

Statutory construction involves a question of law. Therefore, this court need not give any special deference to the conclusions of the trial court. *Roe v. Larson*, 94 Wis.2d 204, 206, 287 N.W.2d 824, 825 (Ct. App. 1979) *rev'd on other grounds*, 99 Wis.2d 332, 298 N.W.2d 580 (1980). Absent language to the contrary, a statute is generally presumed to have prospective effect only. *Feest v. Allis-Chalmers Corp.*, 68 Wis.2d 760, 767, 229 N.W.2d 651, 655 (1975). A clear legislative intent is necessary before a statute may affect an existing obligation. This doctrine of prospective construction does not apply to remedial statutes which may operate retroactively to confirm existing rights and to further enforce existing obligations. *Mosing v. Hagen*, 33 Wis.2d 636, 641, 148 N.W. 2d 93, 96 (1967).

A judgment of divorce may include a provision ordering child support. Sec. 767.25, Stats. Such an order may be modified by the court if future circumstances warrant a revision. *Johnson v. Johnson*, 78 Wis.2d 137, 148, 254 N.W.2d 198, 204 (1977) ; Sec. 767.32, Stats. A trial court has continuing jurisdiction in matters of child support. *Severson v. Severson*, 71 Wis.2d 382, 386–87, 238 N.W.2d 116, 119–20 (1976).

Child support payments are not vested rights. *Schmitz v. Schmitz*, 70 Wis.2d 882, 890, 236 N.W.2d 657, 662 (1975). Statutory changes may alter child support obligations. In *Schmitz*, the legislative change in the age of majority operated to terminate the legal obligation to

pay support for children over age eighteen.[2] *Id.* at 891, 236 N.W.2d at 662. The court approved the results of three cases from other jurisdictions wherein child support was prolonged by a statutory change despite a divorce judgment ordering a shorter period of payment. The court felt these cases "tacitly recognize that the legal obligation, not its expression in an order, is to be followed." *Id.*

The legislature's ability to alter support obligations was also recognized in *Poehnelt v. Poehnelt*, 94 Wis.2d 640, 289 N.W.2d 296 (1980). In *Poehnelt,* the supreme court disapproved of the trial court's order of child support for two non-minor children still in high school. The court stated:

The provision for continued support for a child who has reached the age of majority in a divorce judgment, or any modification thereof, is extra judicial and a nullity. *O'Neill v. O'Neill,* [17 Wis.2d 406, 117 N.W.2d 267 (1962)]. In *Bliwas v. Bliwas,* 47 Wis.2d 635, 178 N.W.2d 35 (1970), this court recognized that this rule may be harsh with regard to handicapped offspring or unrealistically applied to the expenses incurred in secondary education, but, nevertheless, we have held that it is the responsibility of the legislature and not the courts to change or amend this rule.

*Id.* at 655–56, 289 N.W.2d at 303. Following the court's deference to the legislature to alter, if necessary, the rule of nonsupport of emancipated children, sec. 767.25(4), Stats., was enacted. It expressly creates an exception to the rule and allows for support through high school if the child is younger than nineteen years old.

Milton distinguishes *Schmitz* and *Poehnelt* by pointing out they involved legislative changes in the age of attaining majority. He concedes the legislature may alter support obligations by changing the age of majority but

[2] The age of majority was lowered to eighteen years by ch. 213, Laws of 1971.

contends the legislature cannot reach existing obligations by enacting sec. 767.25(4), Stats. We disagree. When the legislature lowered the age of majority from twenty-one to eighteen, it necessarily affected a myriad of legal obligations. Among them was child support. While such an effect was clearly shown to the legislature when it changed the majority age, it did not directly, in clear statutory language, address that issue. With the enactment of sec. 767.25(4), the legislature has squarely faced the issue of the cessation of legally obligated child support payments. If the legislature may indirectly alter child support obligations by lowering the age of majority, it is empowered to do so directly through sec. 767.25(4). Continuation of child support until completion of a high school education is clearly sufficient reason to support the legislative change.

Section 767.25(4), Stats., was intended to have retroactive operation.[3] If not, any child supported under a judgment entered prior to August 1, 1980 would not be benefited by the amendment. The legislature clearly did not intend to omit nearly an entire generation of children from the operation of the statute. It clearly stated so in sec. 49 of ch. 196. Therefore, we must vacate the order of the trial court and remand this case for further proceedings not inconsistent with this opinion.

*By the Court.*—Order vacated and cause remanded.

[3] We are of the opinion that this statute was not intended to modify previous court holdings exemplified by *Foregger v. Foregger*, 40 Wis.2d 632, 644, 162 N.W.2d 553, 559 (1968), that sec. 767.25, Stats., provides only prospective relief.