# STATE of Wisconsin, Plaintiff-Respondent,

## v.

# Raymond HOWELL, Defendant-Appellant.

Court of Appeals

*No. 86–1811–CR. Argued June 18, 1987.—Decided August 12, 1987.*
(Also reported in 414 N.W.2d 54.)

On behalf of the defendant-appellant there were briefs and oral argument by *Donna L. Hintze,* assistant state public defender.

On behalf of the plaintiff-respondent the cause was submitted, on the brief of *Donald J. Hanaway,* attorney general and *William L. Gansner,* assistant attorney general, with oral argument by attorney *Gansner.*

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

NETTESHEIM, J. Raymond Howell appeals from a judgment of conviction for obstructing justice as a habitual criminal in violation of secs. 946.65 and 939.62, Stats. The principal issue on appeal is whether Howell's conduct constituted obstructing justice under the statute. We conclude it did not. Therefore, we reverse the judgment.[1]

---

[1]Howell also appeals an order denying his post-conviction request to withdraw his guilty plea. Because we reverse Howell's conviction on the first issue, we do not address this argument.

Howell's conduct relevant to this action is undisputed. It arose in the context of a presentence bail reduction request by Howell on an unrelated theft charge. During the hearing on this motion, the trial court asked Howell whether he had ever been convicted of a crime and whether there were any pending charges against him. Howell answered negatively. The prosecutor also informed the trial court that her records showed no prior criminal history. Based at least in part upon this information, the trial court reduced Howell's bond to a $500 signature bond. Howell in fact had an extensive criminal record.

Section 946.65, Stats., provides:

**(1)** Whoever for a *consideration* knowingly gives false information to any officer of any court with intent to influence the officer in the performance of official functions is guilty of a Class E felony.

**(2)** "Officer of any court" includes the judge, reporter, bailiff and district attorney. [Emphasis added.]

Howell argues that although he lied about his prior criminal record and, as a result, received a favorable bail ruling, the "consideration" element of a sec. 946.65, Stats., charge was not present because he exchanged nothing of value with trial court.

Howell contends that the obstructing justice statute was intended to apply to only those cases where a third party is involved and receives some form of consideration in exchange for knowingly giving false information to a court officer. Alternatively, the state, seizing upon the special legal meaning of the term "consideration," argues that Howell and the trial court were "engaged in a process of benefit exchange." The state contends that Howell was benefited by

obtaining a bail reduction and the trial court was benefited by "obtaining information necessary to the performance of a judicial duty."

These conflicting arguments require us to construe sec. 946.65, Stats. Statutory construction presents a question of law and, as a result, we owe no deference to the decision of the trial court. *Behnke v. Behnke,* 103 Wis. 2d 449, 452, 309 N.W.2d 21, 22 (Ct. App. 1981). A statute is ambiguous and therefore subject to the statutory construction rules if it is capable of being construed in two different ways by reasonably well-informed persons. *Kollasch v. Adamany,* 104 Wis. 2d 552, 561, 563, 313 N.W.2d 47, 51–52 (1981). Whether reasonable persons could disagree presents a question of law. *St. John Vianney School v. Board of Educ.,* 114 Wis. 2d 140, 150, 336 N.W.2d 387, 391 (Ct. App. 1983).

We conclude that reasonable persons could disagree about the meaning of the word "consideration" as used in sec. 946.65, Stats., and whether Howell's conduct fulfilled this element of the crime of obstructing justice. Therefore, we must construe the statute.

Consideration is a concept based in contract law. *See Briggs v. Miller,* 176 Wis. 321, 325, 186 N.W. 163, 164 (1922). A promise needs consideration to become a binding and enforceable contract. *Levin v. Perkins,* 12 Wis. 2d 398, 403, 107 N.W.2d 492, 495 (1961). Consideration is the inducement or impelling reason to contract. Black's Law Dictionary 277 (5th ed. 1979). It may consist of a detriment to a promisee or a benefit to a promisor. *First Wis. Nat'l Bank v. Oby,* 52 Wis. 2d 1, 6 & n. 1, 188 N.W.2d 454, 457 (1971).

■
We conclude that the required element of consideration was not present in this case because, in a contractual sense, the false information did not induce the court to carry out its statutory function to litigate a bail reduction request. Regardless of the quality of the information given, the trial court would have made a bail determination.

In light of the obvious penal nature of this statute, we invoke the rule of lenity which requires a strict construction of a criminal statute when an ambiguity exists in the language used. *See* 3 N. Singer, *Sutherland Statutory Construction* § 59.04, at 26 (rev. 4th ed. 1986); *Donaldson v. State,* 93 Wis. 2d 306, 315, 286 N.W.2d 817, 821 (1980).

> Since it is within the power of the lawmakers, the burden lies with them to relieve the situation of all doubts. 3 *Sutherland on Statutory Construction,* sec. 59.03, p. 7 (3d ed. 1968–73). And "since the power to declare what conduct is subject to penal sanctions is legislative rather than judicial, it would risk judicial usurpation of the legislative function for a court to enforce a penalty where the legislature had not clearly and unequivocally prescribed it."

*State v. Wilson,* 77 Wis. 2d 15, 28, 252 N.W.2d 64, 70 (1977). Pursuant to this rule of statutory construction, we conclude that only conduct which involves a third party contracting with another to give false information to a court officer in an attempt to influence the performance of the officer's official function is proscribed by the statute. Because Howell provided false information to the court directly, his actions fall outside this statute's ambit.

We recognize that a strict construction of a criminal statute should not be used to defeat the legislative intent. *See State v. Tronca,* 84 Wis. 2d 68, 80, 267 N.W.2d 216, 221 (1978). As with any ambiguous statute, this court will opt for a construction which best supports the intention of the legislature. *St. John Vianney School,* 114 Wis. 2d at 151, 336 N.W.2d at 391. Here, we conclude that the result yielded by a strict construction furthers the intent of the legislature. *See State v. Tollefson,* 85 Wis. 2d 162, 170, 270 N.W.2d 201, 205 (1978).

The Legislative Reference Bureau analysis appended to AB 859 (1969), the Assembly Bill creating sec. 946.65, Stats., states that the proposed legislation would increase the "powers at the disposal of state government in the fight against organized crime." The specific provisions of this legislation included a new focus with increased penalties on "B-girl" operations, prostitution, gambling, loan sharking, interference with lawful commerce and prohibitive practices in connection with cigarette sales or coin-operated juke boxes and amusement devices. *See* ch. 252, Laws of 1969. Included in the historical file of sec. 946.65 is a memorandum by then attorney general Robert Warren, which describes the statute at issue here as at "the heart of the bill" and states that this statute, among others, will "enable the Department of Justice to coordinate the investigation of criminal activity which is related to organized criminal activities." Warren Memorandum, at 3–4. The memorandum also indicates that the purpose of the proposed legislation is "[t]o get at the practice used by some crime syndicate figures of using third parties to give false information to prosecutors and judges in order to get favorable treatment for persons charged with crimi-

nal offenses." *Id.* at 13. We believe this construction of sec. 946.65 best supports the legislature's intention to "more adequately deal with the problem ... [of] organized criminal activity." *Id.* at 4. We conclude that the statute requires some concerted activity between two or more persons where, for consideration, false information is knowingly provided to a court officer in an effort to influence that officer in the performance of his or her official function. Under the state's proffered construction of sec. 946.65, no such concerted activity would be required and any person who gives false information to a court officer with the requisite intent could be convicted of this crime regardless of the triviality of the information provided. We do not view the stated rationale for this legislation as permitting such a broad application.[2]

*By the Court.*—Judgment reversed.

---

[2]We recognize that under our construction of sec. 946.65, Stats., only the individual receiving consideration *and* relaying the false information to a court officer would be directly prosecutable under this statute. The individual "paying off" the false information giver could not be directly prosecuted under sec. 946.65 but could be prosecuted as a party to a crime in violation of sec. 939.05, Stats.