MILLER, by Guardian *ad litem,* and another, Respondents, vs. KELLER, Appellant.*

*March 5—March 31, 1953.*

---

* Motion for rehearing denied, without costs, on June 2, 1953.

For the appellant there was a brief by *Douglas & Omernik* of Spooner, and oral argument by *E. E. Omernik.*

For the respondents there was a brief by *William A. Cameron* and *Howard W. Cameron,* both of Rice Lake, and oral argument by *William A. Cameron.*

BROADFOOT, J.    The accident in question occurred about 6:30 p. m. on August 31, 1950, upon a town highway in Washburn county, Wisconsin. The highway was surfaced with some black-top material about 20 feet in width. There were no shoulders on the road. There were ditches for drainage along the sides of the highway, and brush, trees, and other vegetation grew close thereto. The road ran in a northerly and southerly direction. The center line of the highway was not marked.

The defendant, Esther Keller, was driving her husband's automobile in a northerly direction. She was driving up a

rather steep hill with a curve to her right. The accident happened near the apex of the curve.

Just prior to the accident the plaintiff started operating his bicycle in a southerly direction, with the curve to his left. His younger brother, Daniel, was riding upon the bicycle with him, and there was an eleven-year-old girl upon another bicycle accompanying them. They planned to go to a store located down the highway in a southerly direction. Most of the testimony indicates that Daniel Miller, six years of age, was sitting sideways on the crossbar of the bicycle in front of the plaintiff. One witness testified that he was riding on the handle bars with his feet toward the front. The plaintiff was ten years of age, and had completed the fifth grade in school. Mrs. Keller was accompanied by two adult daughters and two grandchildren. The bicycle collided with the left front of the automobile at a point near the left front headlight, which was broken in the collision. Both boys were thrown to the roadway and were seriously injured.

Most of the facts are in dispute. Whether the collision occurred on the westerly or the easterly side of the center of the highway was the main issue at the trial. Mrs. Keller and her daughters testified that, as they proceeded up the hill and into the curve, they were traveling on the easterly side of the highway; upon seeing the boys, Mrs. Keller turned her car to the right until the right wheels were off the black-top. One of her daughters shouted that they were going into the ditch and Mrs. Keller, concerned about the safety of her passengers, swung the car to the left just prior to the collision. The girl on the other bicycle did not see the accident but heard it, and hurried away to summon help. The boys could remember none of the details of the accident and could not even remember seeing the car. They stated, however, that they were proceeding down the hill upon the westerly side of the highway, and the next they remembered was waking up in the hospital.

Clyde Miller, the father of the boys, was the first, or one of the first persons, to reach the scene of the accident. He testified that the boys were lying entirely on the west side of the highway, as was the bicycle. He threw the bicycle into the ditch as he thought it would block traffic for anyone going south. Later he replaced it to show its position. The testimony of Mrs. Keller and her daughters did not agree with that of Mr. Miller as to the location of the bicycle immediately after the accident.

The defendant, upon the appeal, challenges each finding of fact by the jury, and in particular the finding that defendant was negligent as to the position of her automobile upon the highway.

After the boys had been taken to the hospital by ambulance, a traffic officer took measurements as to the then position of the automobile, which indicated that the right rear tire was off the black-top and that the car stood at an angle with the left front close to the center of the highway. There was testimony by Mr. Miller and others as to tracks directly in front of the automobile which, if there, indicated that it had rolled backward a few feet before the emergency brake was applied. Mrs. Keller and her daughters testified that the car did not move, either forward or backward, after the collision. Other witnesses testified that they looked for tracks in front of the automobile but did not observe any.

The automobile had a wheel base of 121½ inches and an over-all length of 210¾ inches. It was 73½ inches wide, excluding the chrome molding on the fenders. The front bumper extended about two inches beyond the fender line on each side. There is testimony that the car stood at an angle of 45 degrees to the center of the highway and there was testimony that the angle was much less.

From the measurements given, the jury could infer that the left front of the car projected over the center line of the highway. From the record they could also infer that the car

had moved backward to some extent before the brake was applied. It was a question for the jury, and the record supports the finding.

Taking the testimony most favorable to herself, the defendant contends that Robert Miller was clearly negligent with respect to the position of the bicycle upon the highway, with respect to his management and control, and with respect to lookout. Each of these matters was also a question of fact for the jury and there is credible evidence to support the findings.

Upon motions after verdict the defendant for the first time called the attention of the trial court to sec. 85.39 (1), Stats., which reads as follows:

"It shall be unlawful for the operator of any vehicle to operate the same when any person is upon any portion thereof not designed or intended for the use of passengers when such vehicle is in motion."

The court had not been requested to submit a question to the jury under that statute. It had instructed the jury that a bicycle is a vehicle. Under the circumstances the provisions of sec. 270.28, Stats., apply. This section reads as follows:

"When some controverted matter of fact not brought to the attention of the trial court but essential to sustain the judgment is omitted from the verdict, such matter of fact shall be deemed determined by the court in conformity with its judgment and the failure to request a finding by the jury on such matter shall be deemed a waiver of jury trial *pro tanto*."

The trial court in its memorandum opinion gave careful consideration to the question and stated that the plaintiff was negligent as a matter of law in carrying his brother as a passenger upon his bicycle. We agree with his statement that a bicycle is a vehicle, and when two persons ride upon a bicycle designed for one, both the operator and the passenger

are negligent *per se*. It is for the jury, however, to say whether or not such negligence is a proximate cause of the accident. The finding by the jury on such question was waived and the court, by ordering judgment upon the verdict, found in favor of the plaintiff thereon.

A careful perusal of the record leads us to the conclusion that the jury could properly conclude that Mrs. Keller moved her car so far to the right that she and one of her passengers, at least, thought the car would go into the ditch, and she turned the car back to the left; that because they were on a curve leading to the right the car approached the center line at a decided angle; that the left front of the Keller car was over the center line of the highway at the time of the impact; and that the bicycle, although near the center of the highway, was in fact on its proper side of the road.

There are exceptions taken to some of the instructions. We find no error therein that would be at all prejudicial to the defendant. Misconduct on the part of the plaintiff's attorney is also claimed. We find none.

The case was fairly tried and, with the one exception noted, fairly submitted to the jury.

*By the Court.*—Judgment affirmed.

FRITZ, C. J., dissents.