CITY OF MADISON, Respondent, v. TOLZMANN, Appellant.

*June 1—June 26, 1959.*

For the appellant there was a brief by *Tobias C. Tolzmann* of Honolulu, Hawaii, *in pro. per.,* and *Aberg, Bell, Blake & Metzner* of Madison of counsel, and oral argument by *William J. P. Aberg* and *Robert K. Aberg.*

For the respondent there was a brief by *Harold E. Hanson,* city attorney, and *Henry B. Buslee,* assistant city attorney, and oral argument by *Mr. Buslee.*

BROADFOOT, J.   No issue is raised before this court as to the validity of sec. 14.28 (7) (a) of Madison general ordinances. It is conceded that the state could delegate to cities authority to enact safety regulations relating to boats and the equipment thereof and that it had done so by sec. 30.06 (7), Stats. Therefore the judgment of $5 must be affirmed, with $5 costs.

The defendant contends that the section of the ordinance providing for the licensing of boats by the city is invalid for several reasons. As its authority for enacting an ordinance requiring a license fee for the use of navigable waters within its boundaries the city relies upon the provisions of sec. 62.11 (5), Stats., which reads as follows:

*"Powers.* Except as elsewhere in the statutes specifically provided, the council shall have the management and control of the city property, finances, highways, navigable waters,

and the public service, and shall have power to act for the government and good order of the city, for its commercial benefit, and for the health, safety, and welfare of the public, and may carry out its powers by license, regulation, suppression, borrowing of money, tax levy, appropriation, fine, imprisonment, confiscation, and other necessary or convenient means. The powers hereby conferred shall be in addition to all other grants, and shall be limited only by express language."

In addition thereto the city calls attention to certain special acts of the legislature creating the city of Madison by which the city was given jurisdiction over the lakes within its boundaries or bordering thereon.

Cities are bodies politic and corporate, established by law to assist in the civil government of the state and to regulate and administer the internal or local affairs of the territory within their corporate limits. Cities have only such powers as are expressly granted to them by the legislature and such others as are necessary and convenient to the exercise of the powers expressly granted. *Milwaukee v. Raulf*, 164 Wis. 172, 159 N. W. 819; *State ex rel. Martin v. Juneau*, 238 Wis. 564, 300 N. W. 187.

We find no express authority in sec. 62.11 (5), Stats., to enact the portion of the ordinance challenged by the defendant. Nor do we find such express authority in the special acts referred to nor in certain sections of ch. 30, Stats., to which we are referred. Sec. 62.11 (5) was enacted as enabling legislation after the adoption of the home-rule amendment to the constitution (sec. 3, art. XI). That amendment was a direct grant of power to cities in all local affairs but not in matters of state-wide concern. The attorney general in 45 Op. Atty. Gen. 23, has given an opinion that the legislature has not granted to cities express power to charge a fee for the use of navigable waters within their boundaries. We agree.

Having determined that the city has no express power we must search for implied authority, as the home-rule amendment should be given a liberal construction in matters of local affairs. Sec. 1, art. IX, Const., reads as follows:

"The state shall have concurrent jurisdiction on all rivers and lakes bordering on this state so far as such rivers or lakes shall form a common boundary to the state and any other state or territory now or hereafter to be formed, and bounded by the same; and the river Mississippi and the navigable waters leading into the Mississippi and St. Lawrence, and the carrying places between the same, shall be common highways and forever free, as well to the inhabitants of the state as to the citizens of the United States, without any tax, impost, or duty therefor."

This language was originally found in art. IV of the Northwest Ordinance of 1787. Under this constitutional provision and by reference to the common law as to public rights in navigable waters, this court has long adhered to the rule that public rights on navigable waters are not restricted to navigation in a strict sense but has recognized the rights of both residents and nonresidents to the free use of navigable waters for recreation purposes, such as boating, fishing, swimming, skating, and the enjoyment of scenic beauty as being incidents of navigation. This court has long held that the beds of navigable waters are held by the state in trust for use by the public. Several cases referring to the trust doctrine are discussed in *Muench v. Public Service Comm.* 261 Wis. 492, 53 N. W. (2d) 514. The trust doctrine has been applied not only to rivers or lakes forming a common boundary to the state and to navigable waters leading into the Mississippi and St. Lawrence rivers and the carrying places between the same but also to inland, navigable, meandered lakes. *Colson v. Salzman,* 272 Wis. 397, 75 N. W. (2d) 421.

The legislature itself has defined navigability to include inland lakes as well as streams. The free and unobstructed use of the navigable waters of the state under the trust doctrine is a matter of state-wide concern. We realize that trustees may delegate some authority. However, in this instance where the state is trustee not only for residents of Wisconsin but for all of the people, such delegation of authority should be in clear and unmistakable language and cannot be implied from the language of a general statute delegating police power to cities.

A somewhat-similar ordinance provision was challenged in the case of *Brooklyn Center v. Rippen* (Minn.), 96 N. W. (2d) 585. That court held that the provision of the ordinance of the village which imposed a penalty for operating a boat upon a lake adjacent to the village without first securing a village license was invalid. It determined that under Minnesota law and statutes the village had neither express nor implied powers to require a license for the use of a lake partially or wholly within its boundaries.

The city contends that the state has the power to delegate to it authority to enact safety regulations and the charging of a fee for such regulation is in itself a mere regulatory measure and not a tax on the use of the waters contrary to the constitution. It is true that a license provision is often used within regulatory ordinances as a means of enforcement. The same argument was apparently made to the Minnesota supreme court in the *Brooklyn Center Case, supra,* and that court said (96 N. W. (2d) 587):

"The power to regulate does not necessarily include the power to license. In passing on the question of whether in a particular case the power to regulate includes the power to license, it is well to bear in mind the distinction between regulation and license. Regulations apply equally to all. A license, however, gives to the licensee a special privilege not

accorded to others and which he himself otherwise would not enjoy. Once a power to license exists, certain acts become illegal for all who have not been licensed. See 33 Am. Jur., Licenses, sec. 2; 53 C. J. S., Licenses, secs. 1 and 3."

The result of the licensing provision of the Madison ordinance is to exact a fee for the use of navigable waters, a matter of state-wide concern. Therefore, no such power to license can be implied. We are not inferring that the city of Madison cannot levy a tax on boats owned by its residents. Boats are personal property and are subject to taxation as such, except as provided by sec. 70.111 (3), Stats. However, the license fee that the city has been exacting is for the use of the boat upon the lakes within the city, and it would apply to nonresidents as well as to residents of the city. It is our determination that the city of Madison had neither express nor implied power to enact the portion of the ordinance we are here discussing. The licensing provision of the ordinance is therefore invalid. That determination makes it unnecessary to consider other contentions by the defendant, particularly the constitutional question.

*By the Court.*—That part of the judgment involving the violation of sec. 14.28 (7) (a) of the general ordinances of the city of Madison is affirmed. That part of the judgment involving the violation of sec. 14.28 (4) (a) is reversed. No costs are to be taxed by either party upon this appeal, except that the defendant is to pay the clerk's fees.

MARTIN, C. J., took no part.