JOHN RADCLIFFE, Coordinator Office of Highway SafetyCoordination
You have requested my opinion on four questions that relate to the control and regulation of bicycles and their operation. You have also indicated to me in a second letter that your concern is with local action, such as municipal ordinances, which authorizes such control and regulation. For the reasons given below, such local action is unauthorized by state law.
In order to keep the subject matter in proper context, some general principles will be discussed before answering your specific questions.
A bicycle is a vehicle within the meaning of the word "vehicle," as that word is used in the vehicle code, chs. 340 through 348, Stats. Rasmussen v. Garthus, 12 Wis.2d 203,107 N.W.2d 264 (1960); *Page 100 Miller v. Keller, 263 Wis. 509, 57 N.W.2d 711 (1952); sec. 340.01
(74), Stats.
The vehicle code is a matter of statewide concern and application. Madison v. Reynolds, 48 Wis.2d 156, 180 N.W.2d 7
(1970).
In addition to many general provisions of the vehicle code, which are applicable to bicycles such as rules of the road, ch. 346, Stats., examples or specific legislation are found in secs.347.02, 349.18 and 346.79.
We have judicial recognition of the vehicle code as being a matter of statewide concern. We also have judicial and legislative recognition of the bicycle as a vehicle subject to such code. Additionally, common observation or experience shows that the operation of bicycles is not limited to intra-city use. It has not been uncommon and it is becoming even more common for bicyclists to engage in cross-country bicycling. Further, in the large metropolitan areas, the use of the bicycle between the major city and the adjacent communities is very common. Additionally, bicycles are often transported by motor vehicle for use in different locales. We also have the common situation of nonresidents, for example, students using their bicycles for extended periods while living away from home.
In Madison v. Tolzmann, 7 Wis.2d 570, 97 N.W.2d 513 (1958), the court noted at page 573, that cities in the regulation of matters of statewide concern have only such powers as are either expressly conferred by the Legislature or implied as being necessary and convenient to carry out the express legislative grants of authority.
Accordingly, any local or municipal regulation controlling the operation of bicycles or bicyclists must be authorized by state law and cannot conflict with state law.
The first question you ask is:
 "1. Can a bicycle court, using junior high students as judges, bailiff, and clerk be legally implemented in a city or village'?"
I know of no provision of law which would authorize such a court.
Your second question is:
 "2. Is the impounding of a bicycle following the violation of a traffic law by a bicyclist legal?" *Page 101 
I have found no provision of state law that specifically authorizes the adoption of a municipal ordinance which would allow the impoundment of a bicycle for violation of a traffic ordinance or statute. Cities and villages do have broad police powers under secs. 62.11 and 61.34, Stats. Section 62.11, Stats., authorizes "confiscation," while sec. 61.34, Stats., authorizes "suppression." Notwithstanding these broad grants of power, I am of the opinion that the power to impound in this instance does not exist. The rationale in support of this view will be included in the discussion of your next question.
Thirdly, you ask:
 "3. Can the issue of a bicycle license plate be legally held back for an indefinite time pending the passing of a written and skills test by the bicycle owner or driver?"
It is clear from your question that what is intended is to have the issuance of a bicycle license plate serve the dual functions of vehicle registration and vehicle operator's license.
For the reasons previously discussed, I am of the opinion that municipal licensing of vehicle operators must be based on express statutory authorization.
The licensing provisions of ch. 343, Stats., only apply to the licensing of operators of motor vehicles. (Sec. 343.01 (2) (b), Stats.) Chapter 343 does not provide for licensing of operators by local governments. It is my opinion that municipalities cannot rely on the provisions of ch. 343 as authority to license bicyclists. As stated previously, however, cities and villages do have broad powers, including the general power to license. (Secs.62.11 and 61.34, Stats.) However, such grants of legislative authority must obviously be considered within the context of the activity that is to be licensed. The activity in this instance is one of statewide concern. Because bicycling is a matter of statewide use and concern, and because of specific state legislation regarding bicycles, reliance on the broad general powers of cities and villages to further regulate bicycling and bicyclists is not, in my opinion, warranted and would not be proper. Accordingly, the authority to license bicyclists must, as indicated by the court in Madison v. Tolzmann, supra, be found within the language of some specific grant of authority. I find no express or specific grant of authority to license bicyclists. The only grant of *Page 102 
legislative authority that might possibly support local licensing of bicyclists is found in sec. 349.18 (2), Stats., which provides:
"Any city or village may by ordinance:
 "(2) Regulate the operation of bicycles and require their registration, including the payment of a registration fee."
Chapter 349, Stats., entitled "Powers of State and Local Authorities," is largely as its title indicates, a grant of authority to enact or enforce traffic regulations which must be in harmony with the motor vehicle code. Its purpose is to aid in the enactment and enforcement of uniform albeit local laws on a subject matter of statewide concern. Subsection (1)(b) of sec.349.03, Stats., does allow nonconformity in those situations where such authority "is expressly authorized by ss. 349.06 to349.25." Accordingly, the obvious question is whether the language of sec. 349.18 (2), Stats., expressly authorizes the licensing of bicycle operators.
It is clear from sec. 349.18 (2), Stats., that the Legislature has expressly exempted bicycle registration from the general requirement of uniformity. However, the language of sec. 349.18
(2), Stats., does not expressly authorize local licensing of bicycle operators or bicyclists. The [motor] vehicle code is precise and technical. The code distinguishes between the registration of vehicles, the licensing of operators and the operation of vehicles. Accordingly, I must assume that if the Legislature had intended that municipalities be expressly empowered to license bicyclists, the words customarily employed in the vehicle code to grant licensing authority would have been used in the particular instance or bicyclists. For example, sec.349.24, Stats., authorizes municipalities to license chauffeurs and taxicab drivers. Under sec. 349.25. Stats., certain counties may license hayride, sleigh and bobsled drivers.
The language "regulate the operation of bicycles" in sec.349.18 (2), Stats., is not sufficiently precise or express to cover the licensing of bicyclists. Such authority would have to be implied from the language of the statute. To find such authority by implication would violate the mandate of sec. 349.03
(1)(b), Stats., which requires that such authority be "expressly" given by the Legislature.
In conclusion, it is my opinion that there is no statutory authority that expressly authorizes municipal licensing of bicyclists; that such authority cannot be implied, for to do so, would not only be *Page 103 
inconsistent with the provisions of sec. 349.03 (1)(b), but would result in local legislation in an area of statewide concern.
It would be improper to use bicycle registration as a means of licensing bicyclists. Registration of the vehicle does not carry with it licensing of the operator.
Lastly, you have asked:
 "4. Can a city or village legally require a license for bicycle drivers under 16 and those above 16 without a motor vehicle operator's license?"
Based on the discussion of question three, the answer to this question is no.
BCL:CAB