ONEIDA COUNTY, State of Wisconsin, a Wisconsin municipal corporation, Plaintiff-Respondent,†

v.

R. Bruce CONVERSE, David T. Converse, Roseann E. Converse, his wife, and Marcia A. Cady, Defendants-Appellants.

Court of Appeals

*No. 92-1483. Submitted on briefs October 21, 1992.—Decided November 17, 1992.*

(Also reported in — N.W.2d —.)

†Petition to review granted.

On behalf of the defendants-appellants, the cause was submitted on the briefs of *John H. Ames* of *Ames & Associates, Ltd.* of Minocqua.

On behalf of the respondent, the cause was submitted on the brief of *Lawrence R. Heath,* corporation counsel, of Rhinelander.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   The Converses appeal a summary judgment granted to Oneida County and argue that the local zoning ordinance Oneida County seeks to enforce is invalid.[1] We conclude that the relevant portion of the

---

[1] The Converses also claim that the trial court erroneously denied their motion to compel the county to answer interrogatories and therefore summary judgment was improperly granted to the county. Because we conclude that the ordinance was invalid, we need not reach this issue.

county zoning ordinance is inconsistent with state law and is therefore invalid.

A tornado destroyed the Converses' boathouse on Tomahawk Lake in Oneida County. Seeking to rebuild the boathouse, the Converses were advised that the state did not require a permit to rebuild a boathouse damaged by violent winds. The Converses, however, did need to apply for a permit from Oneida County under the County Shoreland Zoning Ordinance. The county denied their application because Oneida County Shoreland Zoning Ordinance sec. 9.51D states "[n]o . . . boathouse shall extend into the lake . . . beyond the ordinary high water mark." The Converses' appeal to the Oneida County Board of Adjustment was denied. Rather than appealing to the circuit court, the Converses rebuilt the boathouse without a permit.

Oneida County subsequently brought an action against the Converses claiming violation of sec. 9.51D. The Converses claimed that state law preempted Oneida County's authority to regulate boathouse construction. The trial court granted summary judgment to the county. The Converses appealed.

The Oneida County Shoreland Zoning Ordinance sec. 9.51D says:

> Water Line Setbacks. For lots that butt on a lake or stream the following rules shall apply . . . D No part of any boathouse shall extend into the lake or stream beyond the ordinary high water mark.

The Oneida County regulations provide that pre-existing structures that do not conform to sec. 9.51D may remain. The boathouse blown down by the tornado was such a pre-existing nonconforming structure. Section 9.90 of the ordinance provides as follows:

A. The lawful use of a building, structure or property existing at the time this ordinance or an amendment to this ordinance takes effect, which is not in conformity with the provisions of this ordinance, including the routine maintenance of such a building or structure, may be continued subject to the following conditions:

> 1. If such use is discontinued for twelve (12) consecutive months, any future use of the building, structure or property shall conform to this ordinance.
>
> 2. The maintenance and repair of nonconforming boathouses which are located below the ordinary highwater mark of any navigable waters shall comply with the requirements of Section 30.121 of the Wisconsin Statutes.
>
> 3. Uses which are nuisances shall not be permitted to continue as nonconforming uses.
>
> 4. *No structural alteration, addition or repair to any nonconforming building or structure, over the life of the building or structure, shall exceed fifty percent (50%) of its estimated fair market value at the time of its becoming a nonconforming use, unless it is permanently changed to a conforming use.* (Emphasis supplied).

Because the entire boathouse was destroyed by the tornado, its repair exceeded 50% of its value and thus under the county ordinance the boathouse could not be rebuilt on the same location as it would be a nonconforming use.

## COUNTY'S RIGHT TO ZONE OVER NAVIGABLE WATERS

The Converses first contend that the Oneida County ordinance is invalid because there is no state statute authorizing a county to regulate the building of boathouses beyond the ordinary high water mark of navigable waters. We disagree. The validity of the county ordinance is a question of law we review independently of the trial court, *Ball v. District No. 4 Area Bd.*, 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984), and is essentially a question of the division of power between state and local governments. This division is controlled only by the state constitution, state statutes and state administrative law. *WED v. DNR*, 85 Wis. 2d 518, 526 n.1, 271 N.W.2d 69, 71 n.1 (1978) (citing Thomas P. Solheim, *Conflicts Between State Statute and Local Ordinance in Wisconsin*, 1975 WIS. L. REV. 840).

Because title to navigable waters is vested in the state in trust for public use, *WED*, 85 Wis. 2d at 526, 271 N.W.2d at 72, the state has an affirmative obligation to protect and preserve its waters for fishing, hunting, recreation and scenic beauty. The state may delegate this obligation to local units of government as long as the delegation furthers the purposes of the public trust. *Menzer v. Village of Elkhart Lake*, 51 Wis. 2d 70, 83, 186 N.W.2d 290, 297 (1971).

Section 144.26, Stats., is entitled "Navigable waters protection law" and states, "it is declared to be in the public interest to . . . authorize municipal shoreland zoning regulations for the efficient use, conservation, development and protection of this state's water resources.

The regulations shall relate to lands under, abutting or lying close to navigable waters."[2]

Also, sec. 59.97, Stats., confers the right to zone areas over navigable waters to the counties. This section's purpose includes "encourag[ing] planned and orderly land use development." Section 59.97(1) says "[t]o accomplish this purpose the county board of any county may plan for the physical development and zoning of territory within the county as set forth in this section." Section 59.97(4)(c) goes on to say "The powers granted by this section shall be exercised through an ordinance which may determine, establish, regulate and restrict . . . [t]he areas in and along or in or along natural watercourses, channels, streams and creeks in which trades or industries, filling or dumping, erection of structures and the location of buildings may be prohibited or restricted." Because these sections are not violative of the public trust doctrine, Oneida County clearly has the right to zone over navigable waters.

## VALIDITY OF PARTICULAR REGULATION

Next, the Converses contend that ch. 30, Stats., particularly sec. 30.121, preempts the county from regulating such building of boathouses. Section 30.121(3) is analogous to Oneida County Shoreland Zoning Ordinance 9.90, and states:

> The riparian owner of any boathouse . . . extending beyond the ordinary high-water mark of any navigable waterway may repair and maintain the boathouse . . . if the cost of the repair or maintenance does not

---

[2] Municipal means a county, village or city. Section 144.26 (2)(c), Stats.

exceed 50% of the equalized assessed value of the boathouse.

However, the DNR, pursuant to sec. 30.121(6), which empowers it to promulgate rules deemed necessary to carry out the purposes of this section," established Wis. Adm. Code NR 325.065, that says "the limitation on repairing only 50% of the current value of a boathouse . . . shall not be applicable to any such structure damaged by violent wind, vandalism or fire." Thus, under the state regulatory scheme, the Converses would not be subject to the 50% requirement because their boathouse was destroyed by wind, and therefore they could rebuild their nonconforming structure.

The narrow issue then is whether sec. 30.121, Stats., and NR 325.065 invalidate the Oneida County ordinance that provides no similar exception to the 50% construction rule for violent wind, vandalism and fire. The supreme court has set forth a three-prong test to determine whether an ordinance is valid in such situations. A local ordinance is invalid if either (1) express statutory language has withdrawn, revoked or restricted the municipality's power to issue such ordinance, (2) the challenged ordinance is logically inconsistent with state legislation, or (3) the challenged ordinance infringes the spirit of a state law or general policy of the state. *Wisconsin Ass'n of Food Dealers v. Madison*, 97 Wis. 2d 426, 432-33, 293 N.W.2d 540, 544 (1980).

There is no statutory language withdrawing Oneida County's power to regulate the construction of boathouses on navigable waters. However, the local ordinance is logically inconsistent with state legislation,

namely, sec. 30.121, Stats., and NR 325.065.[3] The local ordinance is inconsistent because it takes away from the Converses what was given to them by virtue of regulation NR 325.065: the ability to rebuild their boathouse. Administrative rules enacted pursuant to statutory rulemaking authority have the force and effect of law. *State ex rel. Staples v. DHSS*, 115 Wis. 2d 363, 367, 340 N.W.2d 194, 196 (1983). Therefore, we construe administrative rules in the same manner as statutes. *Law Enforcement Stds. Bd. v. Lyndon Station*, 101 Wis. 2d 472, 489, 305 N.W.2d 89, 97 (1981).

Section 30.121, Stats., does not state that it is operative only in the absence of local ordinance, nor does it empower municipalities to pass rules necessary to carry out the purposes of the section. It does empower the DNR to do so. *See* sec. 30.121(6), Stats.

The county correctly points out that local ordinances may impose stricter standards than a similar state regulation as long as they do not conflict. *Konkel v. Raymond*, 101 Wis. 2d 704, 709, 305 N.W.2d 190, 193 (Ct. App. 1981). This, however, does not mean that all local standards that are more strict than state standards, by definition, are consistent. In *WED v. DNR*, our supreme court invalidated a Madison city statute banning chemical treatment of Madison lakes because the Wisconsin statutes gave a broad grant of power to the DNR to "supervise chemical treatment of waters," and the city's stricter policy conflicted with the DNR's program. The *WED* court noted that municipalities may move in the same direction farther but not counter to

---

[3] Because we find that the local ordinance is logically inconsistent with state legislation, we need not determine whether it infringes upon the spirit of a state law or a general policy of the state.

the state action, *id.* at 535, 271 N.W.2d at 77, and that municipalities may not disallow what the legislature has expressly licensed or authorized. *Id.* at 529, 271 N.W.2d at 74. Even though the city statute was more strict than the DNR policy, the *WED* court ruled that the Madison city statute was logically inconsistent with the state statute's broad grant of power to the DNR.

In the instant matter, through NR 325.065, the legislature has expressly authorized an exemption for structures damaged by wind from the 50% requirement for rebuilding nonconforming structures. The county ordinance runs contrary to this. Denying the wind, vandalism or fire exemption is not merely going further than the state, but is acting counter to the state. The state regulation and the local ordinance are diametrically opposed within the narrow issue of rebuilding boathouses damaged by wind, vandalism or fire. The local ordinance is disallowing what the legislature has expressly licensed or authorized. We feel that it is crucial in this instance that the state, through the DNR, has affirmatively acted to exempt boathouses damaged by wind. That action made the ordinance and the state law in conflict and the two rules' relationship distinct from one where local governments have merely enacted stricter standards than the state. The Oneida County ordinance is therefore invalid to the extent that it denies the wind, vandalism or fire exemption.

Summary judgment was improperly granted to the county. We reverse the judgment of the circuit court.

*By the Court.*—Judgment reversed and cause remanded with directions.